**Ex parte Michael JEWEL.**

**No. 51692.**

Court of Criminal Appeals of Texas.

April 14, 1976.

Ted Redington, Huntsville, for appellant.

Joe Max Shelton, City Atty. and W. Ralph Petty, Jr., Asst. City Atty., Sherman, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. See *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App. 1967).

The petitioner contends he has been placed in double jeopardy by being convicted for murder with malice and robbery by assault with a firearm growing out of the same transaction upon the same victim, Fred Wright.

The record reflects that on August 26, 1970, in Cause No. 28,779 in the 59th District Court of Grayson County the petitioner was convicted by a jury of murder with malice aforethought of Fred Wright, and his punishment was assessed at death, which was commuted by the Governor to life imprisonment in May of 1973. On September 17, 1970, in Cause No. 28,778 in the same District Court the petitioner entered a guilty plea to robbery by assault with a firearm, and his punishment was assessed by the court at confinement for ninety-nine (99) years. Both causes were heard before the same trial judge. No appeal was perfected in either case.

In his application for post-conviction habeas corpus it was alleged that the petitioner and one James Roger Farris allegedly approached Fred Wright with a gun and demanded his money, and that Wright refused and a struggle ensued in which the petitioner and Farris shot and killed Wright and then took his money and left the scene.

Upon the application being presented to the convicting court, the judge, who was not the same judge who had presided at the prior trials, concluded the facts were not in dispute and an evidentiary hearing was not necessary. He did file findings of fact and conclusions of law as a result of which he concluded the petitioner was not entitled to relief. Among other things, he noted that petitioner had pled guilty and had not appealed, and habeas corpus cannot be substituted for an appeal, and before relief can be granted on collateral attack the error must be fundamental and the conviction void.

This court is, of course, not bound by the findings of the trial court in a habeas corpus proceeding. *Ex parte Bazemore,* 430 S.W.2d 205 (Tex.Cr.App.1968); *Ex parte Swinney,* 499 S.W.2d 101 (Tex.Cr.App.1973); *Ex parte Stauts,* 482 S.W.2d 638 (Tex.Cr. App.1972); *Ex parte Bagley,* 509 S.W.2d 332 (Tex.Cr.App.1974).

It is well established that "the prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once . . .." 1 Branch's Ann.P.C., 2d Ed., Sec. 654, p. 625; *Fleming v. State,* 168 Tex.Cr.R. 505, 330 S.W.2d 457 (Tex.Cr.App.1959). An accused cannot be placed in jeopardy for the same criminal act. See also Article 1.10, Vernon's Ann.C.C.P.

Still further, in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the United States Supreme Court declared the double jeopardy provisions of the Fifth Amendment applicable to the states.

In *Herera v. State,* 35 Tex.Cr.R. 607, 34 S.W. 943 (1896), it is written:

" . . . Applying the test to ascertain whether or not the indictments are for the same offense, it will be seen that in the second case, charged against the appellant, to sustain the robbery it was necessary to prove the assault. Indeed, the robbery could not be sustained without proof of the same assault for which appellant had previously been convicted on a charge for assault with intent to murder. The offenses, in part, at least, are of a like character. They relate to one transaction. And, while the charge of robbery contains more of criminality than the other, yet upon the assaulting part of the charge, upon which the robbery only could be sustained (though embraced in it), the assault with intent to murder is predicated. The offenses, though bearing different names, would appear, by the rule laid down within in our constitutional guaranty, the same." See also *Paschal v. State,* 49 Tex.Cr.R. 911, 90 S.W. 878 (1905).

In *Moore v. State,* 33 Tex.Cr.R. 166, 25 S.W. 1120, 1121 (1894), the conviction was for assault with intent to murder. The defendant had been previously convicted of robbery from the same person. There it was written:

"It has been well said that 'the assault or violence in the robbery case being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case, as a material part thereof, it cannot be again punished as it would be if the judgment below were allowed to stand.' "

And more recently in *Duckett v. State,* 454 S.W.2d 755 (Tex.Cr.App.1970), it was held that where the defendant was convicted of robbery by assault with a firearm and was later convicted of assault with intent to murder arising out of the same transaction

and based on the same evidence, the second conviction would be reversed in view of the double jeopardy provisions of the State and Federal Constitutions. United States Constitution, Fifth Amendment; Article I, Sec. 14, Texas Constitution; Article 1.10, Vernon's Ann.C.C.P.

In *Duckett* it was noted that the same rule was applied in *Doggett v. State,* 130 Tex.Cr.R. 208, 93 S.W.2d 399 (1936), which involved, as does the instant case, convictions for murder and robbery with a firearm. In that case, under similar circumstances as in the case at bar, the victim was shot when he failed to comply with the order to put his hands up and the money was then taken. See also *Taylor v. State,* 41 Tex.Cr.R. 564, 55 S.W. 961 (1900).

We conclude that the petitioner's second conviction for robbery by assault with a firearm was obtained in violation of the double jeopardy provisions of the State and Federal Constitutions and must be set aside.

It is true that petitioner did not object at his robbery trial to a violation of the carving doctrine or the double jeopardy doctrine. It is noted, however, that the failure to object under such circumstances does not constitute a waiver of the right to raise the matter in a post-conviction collateral habeas corpus attack. *Ex parte Evans,* 530 S.W.2d 589 (Tex.Cr.App.1975), and cases there cited.

It is also true that the petitioner did not file a special plea of former jeopardy in accordance with Articles 27.05(2) and 27.06, Vernon's Ann.C.C.P., at the time of his second trial, but it has been held that where a trial is had on an indictment charging the same transaction no plea of former jeopardy or former conviction is necessary where it is in the same court and before the same judge as in the instant case. See *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex.Cr.App. 1974), and cases there cited.

Further, the fact that petitioner pled guilty to the robbery indictment would not preclude him from now raising the double jeopardy contention. *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973); *Ex parte Scelles,* supra; *Duckett v. State,* supra. Cf. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

The relief sought is granted. The conviction for robbery by assault with a firearm is set aside.