Michael DeWayne HAWKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51686.

Court of Criminal Appeals of Texas.

April 14, 1976.

William H. Kugle, Jr., Athens, for appellant.

Curtis L. Owen, Dist. Atty., and Frank O. McClendon, III, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery with a deadly weapon. Trial was before the court upon a plea of guilty, and punishment was assessed at twenty-five years.

The indictment alleged that the offense occurred on or about December 1, 1974, and the record reflects that trial was in April, 1975.

In his sole ground of error, appellant contends, "The trial court erred in overruling appellant's plea of former jeopardy."

Appellant's plea of jeopardy is bottomed upon the fact that prior to the trial in the instant case he was convicted of the offense

of possessing a prohibited weapon,[1] "a shotgun with an overall length of less than twenty six inches." Appellant argues that the trial in the instant case was in effect a second trial for the same offense.

A stipulation of testimony introduced into evidence at the trial of the instant case recites in pertinent part:

" . . . if one David Addington were present today, he would state that he is the manager of a Safeway Grocery Store located on South Vine Street in Tyler, Smith County, Texas, and that on the 1st day of December, 1974 . . . he was confronted by an individual being a black male, carrying a sawed off shotgun; that at said time there was forty-two hundred dollars in cash present in the store, and on this date he did not give one Michael Dewayne Hawkins [appellant] or anyone else consent or permission to take therefrom any money, property, United States currency or anything else of value without his consent or permission; and that the said Michael Dewayne Hawkins did place him in fear of imminent bodily injury and death by pointing a sawed off shotgun in his direction. . . . if Willie Hardy and Jack Grady of the Tyler Police Department were present today, they would testify that on the 1st day of December, 1974, in Smith County, Texas, they were at a location on South Vine, being a Safeway Store, wherein Officer Hardy had observed four black males around Fifth Street in Tyler, Texas, going in the direction of the Safeway Store, they were all dressed similarly, having caps, coats, sunglasses and gloves on; that a short time later he had radio messages indicating that four males of the same description had peeked around the corner of the Safeway Store, at which time two of them went into the store, one of which is identified as Michael Dewayne Hawkins, who was carrying a sawed off shotgun, the other identified as John Edward Johnson, who was later apprehended carrying a .25 caliber automatic; . . . if Bob Bond were present, he would testify and identify Michael Dewayne Hawkins, who is seated to the right of Counsel, Mr. Kugle, as being the individual from whom a twelve gauge sawed off shotgun was taken from at said location on the 1st day of December, 1974."

The more recent cases relied upon by appellant are *Ex parte Evans*, 530 S.W.2d 589; *Ex parte Calderon*, 508 S.W.2d 360; *Price v. State*, 475 S.W.2d 742; *Duckett v. State*, 454 S.W.2d 755.

In *Duckett*, the defendant was first convicted of robbery by assault with firearms of one Leonard Cash, and was also convicted for assault to murder Cash. Both convictions were for the same assault upon the same person occurring at the same time and place. This Court reversed the second conviction, holding that the conviction for the assault to murder being the same transaction and upon the same evidence as the robbery by assault with a firearm constituted double jeopardy.

In *Price*, the defendant jumped in the victim's car, placed a knife to her throat and directed her to drive to a specified place. After ordering her to park, defendant told the victim to get into the back seat. At about the point in time that the defendant was trying to remove a ring from the victim's right hand, police came upon the scene and arrested defendant. Defendant was first convicted of false imprisonment and then for the offense of aggravated assault. This Court reversed the conviction for aggravated assault, finding that there was but a single transaction and that the evidence upon which the two convictions were based was the same.

In *Calderon*, defendant was convicted of indecent exposure, statutory rape and fondling, "all proven by [the] same acts and evidence as a single assault" on one individ-

---

1. Appeal was taken in this cause and the conviction was affirmed in a per curiam opinion in Cause No. 51,689 by this Court on January 21, 1976.

ual even though "the three offenses are in contemplation of law separate and distinct." This Court held that the defendant had been placed in jeopardy after his plea to the first cause.

In *Evans,* the defendant took the victim's wallet, shot the victim, forced the victim to flee and stole the victim's auto. Defendant was first convicted of the offense of robbery by assault and later entered a plea of guilty to felony theft based upon the taking of the victim's auto. While the robbery indictment did not include an allegation that the defendant took the victim's vehicle, this Court found,

" . . . the time sequence of events was continuous and did not break the chain of antecedent violence perpetrated upon the complaining witness so as to give rise to the inception of another separate and distinct offense. See *Lamberson v. State,* 509 S.W.2d 328 (Tex.Cr.App. 1974).

"Therefore, we hold that the continuous nature of the assaultive action by the petitioner in this case would have permitted prosecution for one offense; i. e., robbery. The prosecution for theft should have been barred by the 'carving' doctrine."

Some of the more recent cases in which this Court held that double jeopardy did not apply are *Waffer v. State,* 504 S.W.2d 408; *Jones v. State,* 502 S.W.2d 164; *Bradley v. State,* 478 S.W.2d 527; and *Muncy v. State,* 505 S.W.2d 925.

In *Waffer,* defendant and his two companions were identified by two teenager victims as the men who came upon them while they were parked at night by a lake. The three men, one of whom had a rifle, demanded that the boy give them his billfold. After the billfold was taken, the boy was placed in the trunk of the car and his female companion was raped by the men. This Court held that the defendant's conviction for assault with intent to rob did not preclude a prosecution for rape, noting that

there were two separate offenses, two victims and that the transactions did not occur at the same time or place. In *Waffer,* the Court relied on the reasoning in *Jones v. State,* supra, where the defendant was tried for robbery by assault on one person, and assault with intent to murder on another. The evidence showed that the assault to murder occurred during the robbery. The Court, in refusing to hold the conviction for assault with intent to murder to be double jeopardy in the robbery case, said:

"Appellant committed two separate, distinct and independent acts while robbing Melva Lee, the robbery of Lee and the assault on Williams. He admitted in his judicial confession that during the robbery of Lee, he, with malice aforethought and with intent to kill, shot Virginia Williams. As in *Bradley,* supra there are two victims, a separate victim for each offense. The transactions, though occurring at the same time and place, constitute separate offenses involving separate issues of law."

In *Bradley v. State,* supra, the doctrine of "carving" was not held applicable where defendant was convicted of two robberies, one conviction being based on the robbery of the owner of the liquor store, and the other being a robbery of a customer who entered the store before the robbers left. In *Bradley,* the Court found that there were separate acts and separate robberies committed.

In *Muncy v. State,* 505 S.W.2d 925, defendant as the result of a high speed chase terminating in a collision was first convicted for fleeing from a police officer which was followed with a conviction for aggravated assault with a motor vehicle. The Court held that they were separate and distinct offenses and the doctrine of carving would not apply. In *Muncy,* it was stated:

"Appellant committed the offense of fleeing from a police officer the moment he failed to stop at the signal from the officer. Art. 6701d, Sec. 186(a), Vernon's

Ann.Tex.Civ.St. Appellant could have committed the offense of aggravated assault with a motor vehicle anytime he willfully or negligently collided with another in a manner causing injury less than death. Art. 1149, supra. Neither offense is a lesser included offense or necessary element of the other. Two offenses here charged are separate and distinct offenses."

While the foregoing do not constitute all of the recent cases of this Court addressed to the issue in question, they do point to a common thread which appears to run through all the decisions reviewed in which this Court has held that jeopardy attached. The common factor has been an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim.

In the instant case we find that the possession of the prohibited weapon and the robbery were separate and distinct offenses in law and in fact. In the recent case of *Robinson v. State*, 530 S.W.2d 592, the defendant entered the grounds of the University of Houston without authority and stole a bicycle which was the property of the University. This Court held the offense of criminal trespass was committed the moment the defendant without authority entered the prohibited area of the University and that the subsequent theft of the bicycle from the premises was a separate transaction and that the convictions were not violative of the doctrine of carving.

Similarly, the moment appellant was placed in possession of the prohibited weapon the offense of possession of a prohibited weapon was complete. V.T.C.A. Penal Code, Sec. 46.06 (Prohibited Weapons); see *Muncy v. State*, supra. It follows that the facts which constituted the offense of possession of a prohibited weapon, in and of themselves, cannot be characterized as an assaultive act directed toward the victim of the robbery.

We reject appellant's contention that the trial court erred in overruling his plea of former jeopardy.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., dissents.