**Ex parte Norman Lee BIRL.**

**No. 53480.**

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Ray J. McQuary and Ken G. Anderson, Rosharon, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., and John Ovard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is a post conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P., in which petitioner alleges a violation of the double jeopardy provision of the state and federal constitutions.

On October 23, 1972, petitioner pled guilty in Criminal District Court No. 2 of Dallas County to robbery in Cause No. C72–1597–JI and to murder with malice in Cause No. C72–1598–JI. The court assessed punishment at life imprisonment in each case. No appeal was taken from either conviction.

Petitioner's application for writ of habeas corpus alleges both offenses arose out of the same transaction and involved the same victim, thus the State should have been allowed to carve only one offense. Copies of the indictments, judgments and sentences in the two cases show both offenses occurred on January 16, 1972, and involved Wallace Page. Pursuant to an order of this Court, an evidentiary hearing was held to develop the facts and circumstances surrounding the two offenses.

Petitioner testified that on January 16, 1972, he entered a small grocery store, shot the clerk and then robbed him. To rebut this testimony, the State introduced a confession petitioner made to the police on January 27, 1972, in which he stated that he and Joe McNary entered the store, Joe took money from the cash register, and handed the gun to petitioner. The confession recited:

". . . As I started out the door I saw the man behind the counter move. I didn't know if the man was getting up, getting a gun or what. I reached over the counter and shot the man two ot [sic] three times . . ."

The trial court entered findings of fact and conclusions of law and recommended that relief be granted and one of the convictions be dismissed. The trial court's findings of fact were as follows:

"a. Petitioner's written confession, given to the police following his arrest, is true and credible. (State's Exhibit No. 1)
b. That the robbery and murder to which Petitioner confessed were a continuous assault.
c. That the Petitioner's action of going to the door of the store and then returning to shoot the storekeeper did not sufficiently interrupt the flow of the assault to constitute two separate assaults . . . ."

In *Hawkins v. State*, 535 S.W.2d 359, this Court reviewed the recent cases interpreting the doctrine of carving and said, "The common factor has been an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim." *Hawkins* at page 362.

In *Lamberson v. State*, 509 S.W.2d 328, this Court held a robbery and murder of the same victim involved two separate transactions, because the two offenses were not committed in the same place and over 30 minutes elapsed between the robbery and the murder. More recently in *Ex parte Caldwell*, 537 S.W.2d 265, we held a robbery and rape perpetrated on a single victim did not occur in a single transaction and the two offenses were not committed in the same place or at the same time. In *Caldwell*, two men approached the prosecutrix as she was leaving a store. They forced her to re-enter the building, made several threats, and made her call her employer for the combination of the safe. The two men made several unsuccessful attempts to open the safe. The prosecutrix was then taken to a back room by one of the men, where she was raped and tied up. Under the facts of that case, the act of taking her to another room and raping her was held to be a separate assault.

In *Harris v. State*, Tex.Cr.App., 516 S.W.2d 931, the defendant was convicted of robbery of a service station attendant and

of murder of a police officer during the defendant's escape from the robbery. In holding the State did not improperly carve two offenses from the same transaction, this Court stated the two offenses involved different victims and the murder did not occur until after the completion of the robbery.

■ Although petitioner's testimony and the confession are in conflict as to the sequence of the events, this conflict is not dispositive of the issue presented. Under either version of the facts concerning the robbery and the murder, the petitioner committed continuous and uninterrupted assaultive acts directed at a single victim in the same place and at the same time. Cf. *Ex parte Caldwell*, supra. Even if we accept the facts as they are recited in the confession, we cannot agree with the State's interpretation of the evidence that the offense of robbery was complete when petitioner took the money and the act of standing in the doorway interrupted the transaction so that the murder was a separate assault.

■ The State asserts the few seconds while petitioner stood in the doorway was sufficient time for the petitioner to form the mens rea of murder and "there is no legal significance between those few seconds and a decision made the next day to go back and eliminate the only eyewitness." In light of *Ex parte Evans*, Tex.Cr.App., 530 S.W.2d 589, we cannot agree that the passage of a few seconds is sufficient in itself to interrupt the assaultive action. In *Evans*, the defendant took a wallet at gunpoint, shot the victim in the stomach and forced him to run away, and took the victim's automobile. This Court held the continuous nature of the assaultive action prevented the State from carving both robbery by assault and felony theft of the automobile out of the same transaction. In so holding, we said, "The time sequence of events was continuous and did not break the chain of antecedent violence perpetrated upon the complaining witness so as to give rise to the inception of another sepa-

rate and distinct offense." *Evans*, supra, at page 592.

■ We find the State improperly carved two offenses out of a single transaction and one of the convictions is therefore invalid. The record does not reflect which conviction occurred first, thus we assume petitioner's plea of guilty and conviction for robbery in Cause No. C72–1597–JI was valid and prior in time to the conviction for murder with malice in Cause No. C72–1598–JI. See *Ex parte Calderon*, Tex.Cr.App., 508 S.W.2d 360.

The relief requested by petitioner is granted to the extent the judgment and sentence in Cause No. C72–1598–JI is voided and the indictment in that case is dismissed. The conviction for robbery in Cause No. C72–1597–JI is still a valid sentence and is not disturbed by this ruling.

It is so ordered, and a copy of this opinion shall be sent the Texas Department of Corrections.

DOUGLAS and ODOM, JJ., dissent.