**Ex parte Buster CANTRELL.**

No. 58869.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

OPINION

TOM G. DAVIS, Judge.

This is an application for post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P. See generally *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).[1]

The petitioner contends that either his conviction in Cause No. 83,404 for robbery or in Cause No. 83,403 for assault with intent to commit murder with malice was obtained in violation of the "carving doctrine" in that he had previously been convicted in one or the other case and both convictions involved the same victim, the same transaction, and the same time.

Without holding an evidentiary hearing, the trial court, being the same court which originally convicted the petitioner, made the following findings of fact:

"1. The court accepted a plea of guilty from petitioner first in Cause No. 83,402 for the murder of Samuel Ward Crager and sentenced the defendant to life therein.

2. Secondly, petitioner received another life sentence upon a plea of guilty in the robbery of Thomas Dueon Nanney, which occurred on February 12, 1971, in Cause No. 83,404.

3. Thirdly, petitioner received a 25-year sentence to run concurrently with the life sentence in Cause No. 83,404, for the assault upon Thomas Dueon Nanney *on the same date and at the same time of the robbery.* This was in Cause No. 84,303." [Emphasis supplied.]

No contention is advanced as to finding No. "1." The validity of that conviction is not in issue.

■ This Court is of course not bound by the findings of the trial court in a habeas corpus proceeding. *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976); *Ex parte*

Ken Anderson, Huntsville, for appellant.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

1. Although still providing excellent guidance on the procedures to be followed in post-conviction writs of habeas corpus, *Ex parte Young*, supra, must be read in conjunction with the 1977 amendment to Art. 11.07. See Acts 1977, 65th Leg., p. 1974, ch. 789, Sec. 1, eff. August 29, 1977.

*Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974); *Ex parte Swinney*, 499 S.W.2d 101 (Tex.Cr. App.1973).

It is well established that "the prosecuting attorney may carve as large an offense out of a single transaction as he can but he must cut only once  .  .  .." 1 Branch's Penal Code, 2d Ed., Sec. 654, p. 625 (1956); *Ex parte Jewel*, supra; *Fleming v. State*, 168 Tex.Cr.R. 595, 330 S.W.2d 457 (Tex.Cr. App.1959). An accused cannot twice be placed in jeopardy for the same criminal act. See Art. 1.10, V.A.C.C.P.

The State has filed no brief in this Court and except for a "general answer" filed in the trial court does not appear to dispute the fact findings made by the trial court and set out above.

■ The question before us becomes which conviction must be set aside. The general rule is that where the record does not reflect which conviction occurred first, it will be assumed that the lower numbered conviction occurred first and the high numbered conviction will be set aside. *Ex parte Birl*, 545 S.W.2d 169 (Tex.Cr.App.1977); *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr. App.1973).

■ In the instant case, we have a specific and unchallenged finding of fact by the trial court that petitioner's guilty plea in Cause No. 83,404 was entered prior to the entry of the guilty plea in Cause No. 83,403. We therefore conclude that petitioner's conviction for assault with intent to commit murder with malice in Cause No. 83,403 should have been barred under the carving doctrine.

For the reasons stated, the relief sought is granted and petitioner's conviction for assault with intent to commit murder with malice in Cause No. 83,403 is set aside.