**Ex parte Jerry Wayne FITCH,**
**Appellant.**

No. 61284..

Court of Criminal Appeals of Texas,
En Banc.

May 2, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The petitioner seeks post-conviction relief under the provisions of Art. 1107, V.A.C. C.P. He asserts that his conviction for robbery should be set aside when the doctrine of carving is applied.

On April 12, 1973, the petitioner waived jury trials and entered pleas of guilty to the offenses of escape from jail, Art. 353b, V.A. P.C. (1925), and robbery, Art. 1408, V.A.P.C. (1925). The punishment of imprisonment for twenty-five years for robbery was cumulated with the punishment of imprisonment for five years for escaping from jail.

The petitioner and other prisoners in the Pecos County Jail, using a rifle, robbed the sheriff of over two hundred dollars, locked him in a cell, and escaped from the jail. The petitioner alleges that the escape and the robbery were one uninterrupted sequence of events and that since the sheriff was the custodian of the prisoners he was the victim of both the robbery and the escape. Therefore, petitioner argues, the doctrine of carving will not permit his con-

viction for both offenses. He relies on *Ex parte Birl,* 545 S.W.2d 169 (Tex.Cr.App. 1977), and *Hawkins v. State,* 535 S.W.2d 359 (Tex.Cr.App.1976).

In *Ex parte Birl,* supra, the same assaultive act was a common ingredient of both the robbery and the murder. In *Hawkins v. State,* supra, we upheld convictions for both the possession of a prohibited weapon and a robbery in which that weapon was used because they were separate and distinct offenses.

We find petitioner's reasoning faulty because the escape from custody is not a criminal offense against the sheriff. Although the prisoners assaulted the sheriff in their escape, that assault was not a necessary element of the offense of escaping from jail. We find that the offense of robbery and escape from jail are separate offenses and the convictions for both are not prohibited by the doctrine of carving.

The relief sought is denied.

CLINTON, Judge, dissenting.

While *Herera v. State,* 35 Tex.Cr.R. 607, 34 S.W. 943 (Tex.Cr.App.1896) did not originate the carving doctrine, the opinion states it in a manner that has been often quoted:

"[W]hen one transaction is presented to the government, which may include distinct criminal offenses by different names, the government can carve but once. It can take the greater, and prosecute for that; or it can take the lesser offense, and prosecute for that; and a prosecution and conviction for either will equally be a bar to another subsequent prosecution for the other offense, which involved the same transaction." *Id.* at 944.

On the same day in April 1976, this Court handed down opinions in *Hawkins v. State,* 535 S.W.2d 359 (Tex.Cr.App.1976) and *Ex Parte Jewel,* 535 S.W.2d 362 (Tex.Cr.App. 1976). Both cases addressed the same single issue of whether the respective pleas of former jeopardy were good. *Hawkins* reviewed recent decisions of the Court and found a "common thread" running through them: "The common factor has been an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim." *Jewel* began its examination with *Herera* supra, and quoted from the portion of the opinion applying the test, but omitted to state the test itself as the *Herera* court drew it from Bishop, New Criminal Law and explicated it:

"Mr. Bishop . . . lays down the following rules, to determine [whether] the indictments are *not* for the same offense: '. . . or when (3) each indictment sets out an offense differing in *all* its elements from that in the other, though both relate to one transaction . . .' * * * Applying the above test (subdivision 3) to ascertain whether or not the two offenses charged in this case are the same, it cannot be said that the two offenses set out differ in *all* of their elements. The assault charged is the same in both." [1]

*Jewel* thus recognized and applied the settled "common element" test. *Hawkins* and *Jewel* each make plain the proposition that there are two separate and different tests by which a claim of former jeopardy may be determined.

The per curiam opinion in this cause, by discussing *Hawkins v. State* and *Ex Parte Birl* which relied primarily on *Hawkins,* considers and applies only the "uninterrupted and continuous sequence" tests. For its failure to examine the "common element" test of *Herera,* I respectfully dissent.

Stated in terms of the true *Herera* test, the question is whether the offense of escape and the offense of robbery "differ in all their elements." Article 353b, of the former penal code, provided that if a prisoner "shall use a firearm . . . in his escape" he shall be punished by confinement for not less than five nor more than fifteen years. Admonishing petitioner on

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

two different occasions, the trial court stated the range of punishment as "a minimum of five years and a maximum of fifteen years;" punishment was assessed at five years and the sentence imposed was not less than five years nor more than five years. Clearly, then, the trial court was proceeding on the basis of using a firearm in making escape.[2] Tracking old Article 1408, 1925 P.C., the indictment in this cause charged making an assault and by that assault and by violence and by putting the sheriff in fear of life and bodily injury took from his person and possession $211.00 in cash. The punishment prescribed for robbery by assault was confinement for a term of not less than five years.[3] To determine the grade of the offense and its concomitant punishment, then, these two offenses do not differ in all their elements.

The escape offense was first tried. Pecos County Sheriff C. S. Ten Eyck testified that in response to some character of noise or signal which indicated one or more of his prisoners wanted him upstairs, he opened the inner jail door going into the run around and upon entering through it saw that petitioner was pointing a rifle at him. Petitioner then came out of the southside run around and a confederate, Austell, came from the northside run around when, according to Sheriff Ten Eyck, the following occurred:

". . . and Austell told me to give him the keys and he said or asked what keys unlocked this cell door and I told him. And he locked me up in the cell and Austell took my purse and they left.

Q: . . . At a time that Mr. Fitch had this gun on you I assume that this purse was taken from you?

A: Yes, sir.

Q: And that purse contained at least $211.00 in cash?

A: Yes, sir."

At once, then, the sheriff was the party assaulted in the robbery and the person against whom the firearm was used and exhibited in the commission of the offense of escape. As proven there was but a single transaction and all elements of both offenses occurred simultaneously. Use of the firearm in the jail break denounced by Article 353b, supra, is the assault proscribed by Article 1408, supra.

In finding that assault is not a necessary element of the offense of escape, the majority is adhering to the common law notion of the offense, as summarized in 30A C.J.S. Escape § 2, p. 876.[4] Escape of that character is distinguishable, however, where the element of force on the part of the prisoner is present—thereby constituting the offense of prison breach or prison break. *Id.* at 877. At common law an escape by the prisoner was a misdemeanor whereas breach of prison was a felony, 30A C.J.S. Escape § 28, p. 910. Clearly, our Legislature has superseded the common law by statutory enactments in effect at the time of the instant jail break that enhanced the grade of the offense according to the force or other manner used in committing the offense.[5] This

---

**2.** In effect January 11, 1973, date of the jail break here, punishment prescribed for escape from jail with injury was not less than two nor more than five years; punishment prescribed for escape without use of a deadly weapon was confinement for not more than five years. Respectively, Article 353a and 353b, 1925 Penal Code.

**3.** In admonishing the accused with respect to the robbery indictment, the trial court stated the range of punishment to be not less than five nor more than twenty-five years; the judgment assessed a term of twenty-five years and the sentence imposed confinement for a term of not less than five nor more than twenty-five years.

**4.** "*By the prisoner.* The crime of escape has been defined as the voluntary departure of a person *without force* from the lawful custody of an officer or from any place where he is lawfully confined . . . ."

**5.** Causing injury earned not less than two nor more than five years under Article 353a, supra, and it was proper to allege the assault and battery causing the injury to show the manner in which the escape was effectuated, *Cline v. State*, 463 S.W.2d 441, 444 (Tex.Cr.App.1971). As to V.T.C.A. Penal Code, Section 38.07, now in effect, see *Garcia v. State*, 537 S.W.2d 930 (Tex.Cr.App.1976), alleging and proving effecting escape by use of a deadly weapon capable of causing death and serious bodily injury.

record shows plainly that petitioner was tried, convicted and sentenced for an offense higher than mere escape—one in which assault by use of a firearm was the very element that upgraded the offense and its concomitant punishment.[6] The common law of escape is irrelevant.

Convictions for both offenses are prohibited by the doctrine of carving and the double jeopardy clause. I dissent to denial of relief.

ROBERTS, J., joins.

These are jail break offenses rather than simple escape.

6. Had petitioner been tried before a jury for the similarly stated offense in the present penal code the charge of the court would have included the "jurisdictional element" of using or threatening to use a deadly weapon to effect his escape, *Texas Criminal Pattern Jury Charges*, p. 545, CPJC 38.07.