TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00244-CR







Raymond Andrew Simmons, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-94-0040-S, HONORABLE DICK ALCALA, JUDGE PRESIDING





 Appellant Raymond Andrew Simmons appeals from a jury verdict finding him guilty of
possessing a prohibited weapon. See Tex. Penal Code Ann. § 46.05(a)(3) (West Supp. 1997). (1) The jury
assessed appellant's punishment as a repeat offender at seventy-five years of imprisonment and a $10,000
fine. Appellant complains that the trial court erred by failing to suppress evidence acquired through a
search warrant, that trial counsel failed to render effective assistance of counsel, and that the evidence was
legally and factually insufficient to sustain his conviction. We will affirm the trial court's judgment.

Sufficiency of Evidence


 In points of error four and five, appellant challenges the legal and factual sufficiency of the
evidence. Officers with the Rio Concho Drug Task Force entered and searched appellant's mobile home
under the authority of a search warrant. The officers recovered methamphetamine, a 9mm pistol, a sawed-off shotgun, scales, a cassette tape case with burned edges, and corner bags. Appellant was subsequently
tried and convicted of drug charges, (2) and in the instant cause, possession of a prohibited weapon. In two
points of error, appellant challenges both the legal and factual sufficiency of the evidence supporting his
conviction. Specifically, he contends that the State failed to prove that he exercised care, custody, control,
or management of the weapon in question.

 Martha Simmons, appellant's wife, testified that she was living at a local motel, the Dun
Bar, because she and appellant had separated. Other witnesses corroborated her testimony. She stated
that the sawed-off shotgun was hers and that she had asked her son, Walter Young, Jr., to shorten the
barrel to make it easier for her to use it to kill snakes and "varmints." She testified that appellant was angry
when he saw that the gun had been altered. Mrs. Simmons further stated that she kept the gun at her end
of the closet in the bedroom she shared with the appellant.

 Deputy Gene Fly of the Tom Green County Sheriff's Office testified to finding the shotgun
in the closet in the east bedroom of the trailer house, not in the master bedroom closet where Mrs.
Simmons said she stored the gun. This conflict suggests the gun had been moved after Mrs. Simmons
moved from appellant's residence. Deputy Fly also conducted surveillance at the appellant's residence until
10:00 p.m. on the night before the search warrant was executed. He stated that when he left that night two
cars were present at the home, a van and a Fiero. The Fiero was identified during the trial as Mrs.
Simmons's car. Deputy Fly's surveillance started again at 7:00 a.m. the next morning and both cars were
still present. According to Deputy Fly, Mrs. Simmons left the residence about 12:15 p.m. that day. Mrs.
Simmons testified that she arrived at the residence around 12:30 p.m. and that she had been at the Dun
Bar prior to that time. This is not the only inconsistency present in the testimony.

 In his fourth point of error, appellant contends the evidence is legally insufficient. The
critical inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether
the evidence on record could reasonably support a finding of guilt beyond a reasonable doubt. This Court
does not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d
155, 159 (Tex. Crim. App. 1981).

 A person commits an offense if he intentionally or knowingly possesses a short-barrel
firearm. See Penal Code § 46.05(a)(3). Appellant acts knowingly "when he is aware of the nature of his
conduct or that the circumstances exist." Tex. Penal Code Ann. § 6.03(b) (West 1994) (emphasis
added). "'Possession' means actual care, custody, control, or management." Tex. Penal Code Ann. §
1.07(a)(39) (West 1994). The offense of possession of a prohibited weapon is complete when the weapon
is placed in the defendant's possession. Hawkins v. State, 535 S.W.2d 359, 362 (Tex. Crim. App.
1976).

 A rational trier of fact could conclude beyond a reasonable doubt that appellant was in
possession of the firearm. The testimony appellant knew the gun had been altered is uncontroverted. 
Police found the gun in appellant's house in a location different from where Mrs. Simmons testified to
storing it, indicating the gun had been moved after she left. Further, several witnesses testified that appellant
and Mrs. Simmons were separated, thereby yielding exclusive possession of the shotgun to appellant. As
appellant concedes, the jury has the exclusive power to weigh the evidence and believe or disbelieve
witnesses. Given the above testimony, the evidence is legally sufficient to support the jury's verdict.

 In point of error five, appellant challenges the factual sufficiency of the evidence. When
a court of appeals conducts a factual-sufficiency review, it views all the evidence equally, including the
testimony of defense witnesses and the existence of alternate hypotheses. The court does not view the
evidence in the light most favorable to the prosecution as it does in a legal-sufficiency review. The court
should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (adopting
Stone test); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed).

 Considering all of the evidence equally, the verdict is supported by sufficient evidence. 
Although witnesses testified that they had never seen appellant use the gun, this does not mean appellant
was not in possession of the shotgun. Appellant's witness, Martha Simmons, established that appellant
knew the shotgun had been altered. Appellant's witnesses further testified that appellant was in sole control
of the residence at the time the search warrant was executed. Several of the witnesses offered by appellant
were contradicted either by other defense witnesses or witnesses for the prosecution. The verdict is not
so contrary to the overwhelming weight of the evidence as to be unjust. Therefore, we hold the evidence
factually sufficient to support appellant's conviction of possession of an illegal firearm. Having held the
evidence both legally and factually sufficient to support appellant's conviction, we overrule appellant's
fourth and fifth points of error.


Search Warrant

 Appellant contends in his second and third points of error that the trial court erred by failing
to grant his motion to suppress. Appellant contends the warrant violates the Fourth Amendment of the
United States Constitution and article 1, section 9 of the Texas Constitution.

 Deputy Fly was the affiant for the search warrant. Deputy Fly relied on information given
to him by a confidential informant to secure the warrant. Appellant and his wife, Martha Simmons, were
present during the execution of the search warrant. Before trial, appellant moved to suppress evidence
acquired through the search warrant, claiming the warrant was deficient. Appellant contends that the
description within the warrant was inadequate because of the reference to the house being located "on the
second dirt road." Appellant offered testimony that the dwelling was actually located on the seventh dirt
road. The trial court overruled appellant's motion. 

 The search warrant reads as follows:


A mobile home residence described as having brown and beige colored siding and a silver
colored roof. The residence is located east of the city of San Angelo approximately 1.9
miles east of the intersection of Loop 306 and Farm to Market Road 380. The residence
is located approximately two tenths of a mile south of Farm to Market Road 380 on the
second dirt road on the south side of Farm to Market Road 380 east of Loop 306.



 The record indicates a dispute as to the number of dirt roads or driveways between the
turnoff and the entrance to appellant's residence. However, the two-tenths of a mile measurement was
shown to be correct. The Supreme Court has stated that a description in a warrant is sufficient if an officer
with the warrant "can, with reasonable effort ascertain and identify that place intended." Steele v. United
States, 267 U.S. 498, 503 (1925). Detective Mickey Jones, who was not involved in the search of
appellant's home and had never been to the appellant's residence before, was directed to follow the
instructions contained in the search warrant to determine whether he could find the premises from the
warrant's specifications alone. Detective Jones testified at the suppression hearing that he had no trouble
locating the dwelling from the search warrant's description.

 We hold the description contained within the search warrant was sufficient. The officers
executing the warrant were able to locate the correct house. Further, the description was adequate to
provide instruction to an officer unfamiliar with the house to locate it without incident. There is no
constitutional violation present. We overrule appellant's second and third points of error.


Ineffective Assistance of Counsel

 Appellant's first point of error asserts he was denied effective assistance counsel at the trial. 
To prove ineffective assistance of counsel, two elements must be met. First, counsel must be shown to
have performed in a deficient manner, in that counsel made errors so egregious that the counsel was not
functioning as counsel that is guaranteed by the Sixth Amendment of the United States Constitution. 
Strickland v. Washington, 446 U.S. 668, 687 (1984). This means that the defendant must prove the
"counsel's representation fell below an objective standard of reasonableness based on prevailing
professional norms." Ex Parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd), cert.
denied, 114 S. Ct. 2162 (1994). Second, appellant must show that there is a reasonable probability that
these errors altered the result of the trial, such that appellant was denied a fair trial. Strickland, 446 U.S.
at 687; Shaw v. State, 874 S.W.2d 115, 119 (Tex. App.--Austin 1994, pet. ref'd) ("[T]he defendant
must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of
the proceeding would have been different.").

 A reasonable probability is one that is sufficient to undermine confidence in the outcome. 
Shaw, 874 S.W.2d at 119. Appellant holds the burden of proof by a preponderance of the evidence to
prove that counsel was ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The
Strickland standard does not mean that defendants are entitled to perfect or errorless performance from
counsel. Owens, 860 S.W.2d at 729; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App.
1992), cert. denied, 113 S. Ct. 2937 (1993).

 Appellant complains of two basic errors of trial counsel. First, he argues that his counsel
should have made an additional attack on the search warrant on the grounds that it was based on a false
affidavit. Second, he argues that counsel should have requested a jury issue on the legality of the search
itself.

 The search warrant was based on an affidavit from Deputy Fly. Deputy Fly's information
came from a confidential informant who reported to Fly that Martha Simmons told the informant that she
and appellant were in possession of a quantity of methamphetamine at appellant's mobile home. During
the trial, Martha Simmons denied ever making such a statement. Appellant cites Ramsey v. State, 579
S.W.2d 920 (Tex. Crim. App. 1979), for the proposition that a question on the truth of the informant's
statement should have gone to the jury.

 In Ramsey, Officer Donald Walker was the affiant for a search warrant, stating that a
trustworthy source had provided him with information. This source was later revealed to be Kenneth
Vaden. The defense sought to call Vaden to testify that he did not provide Officer Walker with the claimed
information. The court held that an evidentiary hearing should have been allowed on the appellant's
allegations that the affiant was lying.

 The Supreme Court has held:


[W]here the defendant makes a substantial preliminary showing that a false statement
knowingly and intentionally, or with reckless disregard for the truth, was included by the
affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding
of probable cause, the Fourth Amendment requires that a hearing be held at the
defendant's request. In the event that at that hearing the allegation of perjury or reckless
disregard is established by the defendant by a preponderance of the evidence, and, with
the affidavit's false material set to one side, the affidavit's remaining content is insufficient
to establish probable cause, the search warrant must be voided and the fruits of the search
excluded to the same extent as if probable cause was lacking on the face of the affidavit.



Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Relying on Franks, Ramsey holds that an allegation
that an affiant lied in the search warrant can be litigated; however, Ramsey does not hold that an allegation
that an informant lied to the affiant can be litigated. Ramsey, 579 S.W.2d at 922-23. As this court noted
recently, "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that
of the affiant, not of any nongovernmental informant." Hackleman v. State, 919 S.W.2d 440, 448 (Tex.
App.--Austin 1996 pet. ref'd untimely filed) (citing Franks, 438 U.S. at 171) (emphasis added).

 In the instant cause, appellant does not contend that Deputy Fly lied in his affidavit. Rather,
any indication of falsity is directed toward the confidential informant. Trial counsel could not have raised
this issue because his attack would have been on the veracity of the informant, not the affiant. Therefore,
counsel's representation was not ineffective in this regard.

 Appellant's second ineffective assistance of counsel argument is that trial counsel failed to
request a jury issue as to the legality of the search. A jury can settle factual disputes when a search has
been challenged, Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 1997); however, it may do so only
when "an issue of fact is created by the evidence concerning the validity of the search . . . ." Finney v.
State, 672 S.W.2d 559, 569 (Tex. App.--Austin, 1984, no pet.). No such fact question exists in this
case. Deputy Fly is not accused of making false statements and Martha Simmons's testimony cannot serve
as the basis for an attack on the affidavit supporting the search warrant. Therefore, there is no factual
dispute that defense counsel could have submitted to the jury. Trial counsel's performance was not
deficient for failing to pursue a jury issue.

 Appellant bears the burden of proof by a preponderance of the evidence to prove
ineffective assistance of counsel. Appellant has failed to meet that burden because he has not met the first
prong of the Strickland standard by showing trial counsel's performance to be deficient. Thus, we overrule
appellant's first point of error.


CONCLUSION


 The evidence is both legally and factually sufficient to sustain the verdict. The search
warrant's description meets the Steele standard. Further, trial counsel was not shown by appellant to be
deficient in his duties. Accordingly, we overrule the appellant's points of error and affirm the judgment of
the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Do Not Publish
1. The statute was amended and renumbered after this offense was committed. The amendments are
irrelevant to this appeal.
2. See Simmons v. State, 03-96-243-CR (Tex. App.--Austin July 3, 1997) (not designated for
publication).



 for the truth, was included by the
affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding
of probable cause, the Fourth Amendment requires that a hearing be held at the
defendant's request. In the event that at that hearing the allegation of perjury or reckless
disregard is established by the defendant by a preponderance of the evidence, and, with
the affidavit's false material set to one side, the affidavit's remaining content is insufficient
to establish probable cause, the search warrant must be voided and the fruits of the search
excluded to the same extent as if probable cause was lacking on the face of the affidavit.



Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Relying on Franks, Ramsey holds that an allegation
that an affiant lied in the search warrant can be litigated; however, Ramsey does not hold that an allegation
that an informant lied to the affiant can be litigated. Ramsey, 579 S.W.2d at 922-23. As this court noted
recently, "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that
of the affiant, not of any nongovernmental informant." Hackleman v. State, 919 S.W.2d 440, 448 (Tex.
App.--Austin 1996 pet. ref'd untimely filed) (citing Franks, 438 U.S. at 171) (emphasis added).

 In the instant cause, appellant does not contend that Deputy Fly lied in his affidavit. Rather,
any indication of falsity is directed toward the confidential informant. Trial counsel could not have raised
this issue because his attack would have been on the veracity of the informant, not the affiant. Therefore,
counsel's representation was not ineffective in this regard.

 Appellant's second ineffective assistance of counsel argument is that trial counsel failed to
request a jury issue as to the legality of the search. A jury can settle factual disputes when a search has
been challenged, Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 1997); however, it may do so only
when "an issue of fact is created by the evidence concerning the validity of the search . . . ." Finney v.
State, 672 S.W.2d 559, 569 (Tex. App.--Austin, 1984, no pet.). No such fact question exists in this
case. Deputy Fly is not accused of making false statements and Martha Simmons's testimony cannot serve
as the basis for an attack on the affidavit supporting the search warrant. Therefore, there is no factual
dispute that defense counsel could have submitted to the jury. Trial counsel's performance was not
deficient for failing to pursue a jury issue.

 Appellant bears the burden of proof by a preponderance of the evid