CAUSE No.s 02-13-00247-CR; 02-13-00248-CR
02-13-00249-CR; 02-13-00250-CR

*079-15  080-15  081-15  082-15*

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

ORIGINAL

Charles Camp

pro, se

vs

The State of Texas

In The Texas Court

Of

Criminal Appeals

FILED IN
COURT OF CRIMINAL APPEALS

MAR 11 2015

Abel Acosta, Clerk

APPLICANT'S PETITION FOR DISCRETIONARY REVIEW

To the Honorable Judge of said court:

Now comes Applicant Charles Camp pro, se, by said petition for discretionary review
in accordance with the T.R.A.P. (68), which Applicant asserts is necessary to review the
Court of Appeals for the Second District of Texas for Fort Worth memo opinion rendered
on December 11, 2014.

I

Applicant asserts that the Jurisdiction of this court is invoked under the T.R.A.P.
44 2(A) due to a denial of due process under both the Tex. Const. Art. 1, §§ 14, 19; Tex.
Code Crim. Proc. Ann. Arts 1.04,110 and the U.S. Const. amend. V; in regards to Applicant's
allegations of prosecutorial misconduct and double jeopardy violation.

II

HISTORY OF CASE

Applicant proceeded to trial on four indictments joined for trial (R.R. vol. II). Each
indictment alleged the offense of aggravated robbery in count one and the offense of felon
in possession of a firearm in count two (TR-6,7) in all cases all four indictments listed
under cause no.s above, each indictment also contained the same habitual offender enhancement
with each alleging the same prior conviction as was used in the felon in possessioin of
afirearm count (TR 6-7).

Applicant plead not guilty and, just prior to closing arguments, the State, with no
explanation or an apparent reason waived all of the felon in possession of a firearm counts
(R. vol. 5, 169). The jury found Applicant guilty of all four aggravated robbery cases.
(R. vol. 5 pg. 188-189) at the punishment phase, the jury sentenced Applicant to incarcer-
ation of life (R. vol. 6, pg. 153).

(1)

At guilty/innocence the State introduced evidence of four robberies alleged and presented evidence that Appellant had a prior felony conviction for aggravated, burglary and used this, combined with the facts of these robberies, to show he also committed the offense of felony in possession of a firearm during each robbery (RR. VOL. 4, pg. 79; -95-98). After admitting the evidence before the jury, the State then waived the felon in possession allegations before argument (RR vol. 5 pg. 169). The jury found Applicant guilty of all four robberies and at the punishment phase the State introduced evidence of an additional six robberies and the prior convictinos raising his status to habitual offender (RR. vol. 6 pg. 138-141) and jury sentenced Applicxnat to life (RR vol. 6 pg. 155).

On appeal Applicant alleged that the State's act of proceeding to trial on two counts where the second count was wholly double jeopardy barred constituted prosecutorial misconduct and violated due process of law, in reponse the State in its memo opinion dated December 11, 2014 (At 7) under conclusion reads the following, Because Cam p forfeited his double - jeopardy and prosecutorial misconduct claims, we overrule his sole issue and affirm the trial court's judgments.

## APPLICANT'S ARGUMENT

Applicant asserts that the memo opinion from the Second Court of Appeal asserting that Applicant's claims of double - jeopardy and prosecutorial misconduct has been waived is contrary to Tex. R. App. p. 44 2(A) which provides for a reversible error in criminal cases if an Appellate record in a criminal case reveals constitutional error that is subject to harmless review or any other error, defect, irregularity, or variance in light of King v State 953 S.W. 2d. 266, 271 Tex. Crim. App. 1997)(citing Kotteaos U.S. 328 U.S. 750, 776, 66 S.ct. 1239, 1253, 90 L.Ed. 2d. 1557 (1946) which Applicant asserts such findings in the record supports prosecutorial misconduct and a double - jeopardy violation as shown at (RR. vol. 4, pg. 79, 95-98) and (RR. vol. 5 pg. 169).

Applicant's second reason why a P.D.R. should issue.
Because Applicant was denied effective assistance of counsel on appeal in light of Evitt v. Lucey 469 U.S. 387, 397 05 S.ct. 830, 83 L.Ed. 821 (1985) and Ward v State 740 S.W. 2d. 794, 796 (Tex. crim. App. 1987). For the following reasons:

(1) Appellate counsel failed to raise, trial counsel ineffectiveness for failing to file a motion to quash the indictment in light of Studer v State 799 S.W. 2d. 263 (1995) due to count two of the alleged indictment shown at (TR 6). All four of them possessing a double jeopardy violation of possession of a firearm, relying on the same conduet of the robbery, which Applicant asserts in the light of Ex parte Jarrett 891 S.W. 2d. 935, 946

(2)

(Tx. Cr. App. 1995) that has Appellate counsel gathered the facts from the records on appeal from the State Court proceedings and governing law set out in Littrelly v State 271 S.W. 3d. 273 (Tx. Crim. App. 2008) Brown v Ohio 432 U.S. 161 97 S.ct. 2221, 53 L.Ed. 2d, 187 (1977) the proceedings of the outcome would have been different Applicant would have been protected from the highly prejudicial extraneous offense testimony under Tex. Rule of evidence 403, that the prosecution presented in regards to the prior felony conviction, in support of the count two charge of the indictment alleging a charge of felon in possession of a firearm. And also would have protected Applicant's U.S. Const. V and VI amend. and Tex. Const. Art. I sees 14&19; Tex. Code Crim Proc. art. 1.10 & 1.11.

(3) From a double jeopardy violation and afforded Applicant a fair and impartial trial.

Applicant's third reason why P.D.R. should be granted. Because Appellate counsel failed to raise on appeal a clearly established error from the face of the record as citied in Massaro v United States 538 U.S. 500, 508, 123 S.ct. 1690 1969, 155 L.Ed. 2d. 714 (2003); and Jones v Barnes 463 U.S. 745, 754, 103 S.ct. 3308, 77 L.Ed. 2d. 987 (1983). A claim that the State committed a reversable error when it abandoned the count two on all four of the indictments as shown at (RR. vol. 5 pg. 169) just before closing arguments, which Applicant asserts that had Appellate counsel reviewed the record on appeal as well as gathered the law surrounding such facts as set out in Ward v State 740 S.W. 2d. 794, 796 (Tex. Cr. App. 1987) and raised such claim on appeal in the light of Ex parte Jarrett 891 S.W. 2d. 935, 946 (Tex. crim. App. 1995). Appellate counsel would been aware as set out in Curry v State 1 S.W. 3d. 175, (1999) that an amendment of the indictment after trial starts over Applicant's objection under the Tex. Code Crim. proc. Art. 28.10(b) is reversable error and is inferentially prohibited, which Applicant asserts that even in the absence of an objection a review of such complaint on appeal under Tex. Rule of App. Proc. Art. 44.2(A) any court would have found the extraneous offense testimony of the prior felony conviction that support the felony possession of firearm, and the double jeopardy violation of the firearm allegation in count two of the indictment was clearly prejudicial under the Tex. R. Evidence R. 401, 402, 403, 404 and 609, therefore granting relief as set out under the Tex. R. App. Proc. 44.2(A).

PRAYER

Applicant pray that this court will review Applicant's P.D.R. under T.R.A.P. 44.2(A) and thereafter grant Applicant due relief due to the 5, 6, and 14 Const. Amend. rights violation and the due proc. rights under Tex. Const. Art I. Sec. 13, 14 & 19; T.C.C.P. Art. 1.04, 110 & 1.11.

(3)

CERTIFICATE OF SERVICE

Applicant Charles Camp, state that all the foregoing is true and correct and free from perjury.

Date 3/4/2015

*Charles T. Camp*

Charles Camp
#1857911
French Robertson Unit
12071 FM 3522
Abilene, Tex. 79601

(4)



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. 02-13-00247-CR
02-13-00248-CR
02-13-00249-CR
02-13-00250-CR

CHARLES CAMP                                                APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1324667R, 1324668R, 1324671R, 1324677R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles Camp appeals from his four convictions of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2011). In one issue, Camp argues that the State's additional count in each indictment for felon in possession of a firearm violated double jeopardy, due process, and constituted prosecutorial misconduct.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

Because Camp does not attack the sufficiency of the evidence to support his convictions, his recitation of the underlying factual background in his appellate brief is sufficient:

> [Camp] was charged with a string of store robberies in April of 2012 wherein his girlfriend would go in and 'case' the store and he would enter after she left, approach the cashier, point a small .38 special revolver and ask for the money. . . . The robberies were all on video and [Camp] confessed to the police as well as to the jury during the trial explaining he needed the money for survival. . . . He and his girlfriend were arrested in the vehicle linked to the robberies and the functioning and loaded gun was located in the car.

This "string" of robberies included ten separate robberies. A grand jury indicted Camp in four separate indictments for four of the robberies, occurring on three dates in April 2012. The first count of each indictment charged Camp with a separate aggravated robbery. The second count of each indictment charged Camp with being a felon in possession of a firearm during each charged aggravated robbery. *See id.* § 46.04 (West 2011). In each indictment, the prior felony authorizing the felon-in-possession charge was Camp's July 16, 2004 conviction for aggravated burglary in Kansas. The indictments also contained identical habitual-offender notices, alleging that Camp had previously been convicted of aggravated burglary,[2] burglary, aggravated robbery, and theft of property in Kansas. *See id.* § 12.42 (West Supp. 2014).

---

[2]This was the same aggravated burglary conviction alleged in each indictment as part of the felon-in-possession count.

2

At trial,[3] the State introduced Camp's stipulation that he had been convicted of the 2004 aggravated burglary in Kansas. Camp testified and admitted that he committed each armed robbery. Before he testified, Camp verified that his attorney had informed him of the dangers of testifying but that he wanted to testify to "get [his] side of the story out." During cross-examination, the State questioned Camp about his stipulation to the 2004 aggravated burglary and about the three prior convictions also alleged in the habitual-offender notice. After each side rested and closed the evidence but before the charge was read to the jury, the State waived the second count—the felon-in-possession count—in each indictment. Camp's counsel affirmed that he was "aware" of the waiver and that he had "heard that already." The jury found Camp guilty of each aggravated robbery. Camp then pleaded true to the habitual-offender notices. The jury found the habitual-offender notice true and assessed Camp's sentence at life confinement for each aggravated robbery. The trial court sentenced Camp accordingly.

## II. DISCUSSION

Camp asserts that the State's waivers of the second counts, where the second counts were double-jeopardy barred, constituted prosecutorial misconduct and violated his right to due process. *See generally* U.S. Const. amend. V; Tex. Const. art. I, §§ 14, 19; Tex. Code Crim. Proc. Ann. arts. 1.04, 1.10 (West 2005).

---

[3]Camp agreed to try the four robberies in one trial. *See id.* § 3.02 (West 2011).

## A. Adequacy of Briefing

The State argues that Camp's point is multifarious and should be overruled summarily as such. Although Camp does include several arguments in one issue, he separately addresses both his double-jeopardy and prosecutorial-misconduct claims in his brief such that we may reliably determine what his separate complaints are. Therefore, we will address these arguments. *See* Tex. R. App. P. 38.9; *Chimney v. State*, 6 S.W.3d 681, 687–88 (Tex. App.—Waco 1999, pet. ref'd) (positing that rule 38.9 implicitly overruled former article 40.09 and former rule 74(d), which prohibited multifarious points on appeal). We do note, however, that Camp wholly failed to brief his due-process argument or address how the federal prohibition of double jeopardy differs from the Texas prohibition. We will not address Camp's due-process argument and will address his double-jeopardy claim solely under the federal constitution, assuming that he is claiming no greater protection under the Texas Constitution and the code of criminal procedure than that provided by the United States Constitution. *See Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993); *Reckart v. State*, 323 S.W.3d 588, 596 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Hutchins v. State*, 992 S.W.2d 629, 630 (Tex. App.—Austin 1999, pet. ref'd, untimely filed).

## B. Double Jeopardy

Camp concedes that he did not object to the State's waiver or otherwise bring his double-jeopardy complaints to the trial court's attention. If a double-jeopardy violation "is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests," however, a

4

double-jeopardy claim may be raised for the first time on appeal. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see Garfias v. State*, 424 S.W.3d 54, 57–58 (Tex. Crim. App.), *cert. denied*, 135 S. Ct. 359 (2014).

Here, the offenses charged were distinct from each other. To prove aggravated robbery, the State had to show that Camp, in the course of committing theft, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death and used or exhibited a deadly weapon. *See* Tex. Penal Code Ann. § 29.02(a)(2) (West 2011), § 29.03(a)(2). To prove that Camp was unlawfully in possession of a firearm, the State had to show that Camp had actual care, custody, control, or management of a firearm more than five years after he had been convicted of a felony and while he was away from his home. *See id.* § 1.07(a)(39) (West Supp. 2014), § 46.04(a)(2). These offenses require proof of different elements and different culpable mental states and are not lesser-included offenses. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Bessire v. Quarterman*, No. 4:07-CV-597-Y, 2009 WL 54257, at *3 (N.D. Tex. Jan. 8, 2009) (citing *Hawkins v. State*, 535 S.W.2d 359, 362 (Tex. Crim. App. 1976)); *Martinez v. State*, No. 03-98-00415-CR, 1999 WL 603444, at *2 (Tex. App.—Austin Aug. 12, 1999, pet. ref'd) (not designated for publication). Further, there is no indication that the legislature intended these offenses to constitute one offense for purposes of double jeopardy. *See Bean v. State*, Nos. 05-06-01487-01489-CR, 2007 WL 3293633, at *2–3 (Tex. App.—Dallas Nov. 8, 2007, pet. ref'd) (mem. op., not designated for publication). Thus, any double-jeopardy violation was not apparent from the face of the record. *Cf. Garfias*, 424 S.W.3d at 60–64 (holding convictions for aggravated robbery by

5

threat and aggravated assault causing bodily injury stemming from single encounter with single victim did not violate double jeopardy); *Billings v. State*, 399 S.W.3d 581, 592–93 (Tex. App.—Eastland 2013, no pet.) (holding convictions for aggravated kidnapping and aggravated sexual assault of a child did not violate double jeopardy because they are distinct offenses, they are not lesser-included offenses, and no clear legislative intent to punish the offenses as one offense existed). Finally, we cannot conclude that the usual rules of preservation would serve no legitimate interest in this appeal. Accordingly, the rules of error preservation should not be suspended, and we conclude Camp forfeited his double-jeopardy complaint by failing to object to the violation in the trial court. *See Garfias*, 424 S.W.3d at 64; *Billings*, 399 S.W.3d at 593. *See generally* Tex. R. App. P. 33.1.

## C. PROSECUTORIAL MISCONDUCT

Camp next argues that the State's waiver of the second counts after the close of evidence constituted prosecutorial misconduct because it was a "deliberate manipulation of the law to make highly prejudicial evidence admissible in blatant violation of Double Jeopardy." Once again, Camp failed to object to the State's waiver at the time it occurred and, thus, forfeited this complaint. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012). The State's action in waiving the second counts was not so serious that the reliability of the trial was undermined; thus, the preservation requirements are applicable. *See Bautista v. State*, 363 S.W.3d 259, 262–63 (Tex. App.—San Antonio 2012, no pet.). Further, the State's waiver was permissible and does not indicate prosecutorial misconduct. *See Jackson v. State*, 50 S.W.3d 579, 596–97 (Tex. App.—Fort Worth 2001, pets. ref'd).

6

### III. CONCLUSION

Because Camp forfeited his double-jeopardy and prosecutorial-misconduct claims, we overrule his sole issue and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 11, 2014