ALIJA PEREZ HERERA v. THE STATE.

*No. 998.    Decided March 25th, 1896.*

**1.    Former Jeopardy—Same Offenses—Test.**

The constitutional guarantee against former jeopardy obtains, and offenses are the same, (1) Whenever evidence adequate to the one indictment, will equally sustain the other. (2) If the two indictments set out like offenses and relate to one transaction; yet, if one contains more of a criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses, though differing in names, are, within our constitutional guaranty, the same. Exception to this rule is in cases of burglary and theft.

**2.    Same.**

When one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal for one is a bar to the prosecution for the other. (Except in burglary and theft.)

**3.    Assault With Intent to Murder Bars Robbery When.**

A former conviction for assault with intent to murder, bars a subsequent prosecution for robbery committed at the same time and by means of the same assault. Following, Moore v. State, 33 Tex. Crim. Rep., 166.

APPEAL from the District Court of Guadalupe. Tried below before Hon. JAMES GREENWOOD, Special Judge.

Appeal from a conviction for robbery; penalty, twenty years' imprisonment in the penitentiary.

In November, 1889, the appellant was indicted in the District Court of Guadalupe County for an assault with intent to murder one C. Munk. He was found guilty of an assault to murder and sent to the penitentiary for the term of seven years. The facts in this trial were that the defendant had been hired by Munk in the city of San Antonio and brought by him to the home of said C. Munk in Guadalupe County. After the defendant had been with Munk two or three days he assaulted

said C. Munk with a pea and inflicted very serious wounds upon his person, fracturing his skull in two or three places, and took from his possession a pair of boots. This offense took place in Guadalupe County on the 21st day of August, 1889. At the May term of the District Court, 1890, the grand jury returned a second bill against the defendant, charging him with robbery by assault and violence upon the person of said C. Munk, and alleged that he took from the possession of said C. Munk a pair of boots and a certain sum of money, a pair of pants, hat, etc. In October, 1895, the defendant's time expired, he having been granted one year, one month and eighteen days of commutation on account of good conduct. The sheriff of Guadalupe County arrested him on the charge of robbery, for which he was tried at the November term, 1895, and found guilty of robbery and sentenced to the penitentiary for a term of twenty years. The defendant, in addition to his plea of not guilty, plead specially former conviction, which plea is set out in the record. There was no dispute as to the fact that the defendant was the identical person, and that the person for whom he was convicted for assault to murder was the same person upon whom the alleged robbery was made. There was no conflict in the evidence as to the transactions being one and the same. The regular judge being disqualified on account of having represented the State as District Attorney on the former trial, Judge Greenwood was agreed upon as special judge, and the cause was tried before him.

*Joseph B. Dibrell*, for appellant.—The court erred in not instructing the jury, as a matter of law, that defendant's special plea of former conviction was true—all the evidence having shown, without any contradiction, that the defendant was, on the 6th day of November, 1889, charged by valid indictment in the District Court of Guadalupe County, the same being a court of competent jurisdiction, with the offense of an assault to murder one C. Munk, on the 21st day of August, 1889, in Guadalupe County, and that the defendant was, on the 15th day of November, 1889, tried in said court for said offense, and was duly convicted of said offense and sent to the penitentiary for the term of seven years, and served his time in accordance with the rules of the penitentiary, and that the offense of robbery by assault and violence upon the person of said Munk, on the date, 21st day of August, 1889, was one and the same transaction, and based upon the same identical facts and circumstances, and at the same time and place, and was one continuous transaction and the same offense. The uncontradicted facts upon defendant's said special plea, clearly showed that defendant was being tried twice for the same offense, contrary to the provisions of the Constitution.

The defendant having been tried and convicted for an assault to murder C. Munk, on the 21st day of August, 1889, could not thereafter be tried and convicted for robbery, by assault and violence upon the person of said Munk, when the uncontradicted facts show that the assault and robbery, if indeed any robbery was committed, was one and the same transaction, and was committed upon the same person at the same time.

The State having carved once, cannot carve a second time.   This being the case, the special plea of the defendant was, in point of fact, true, and should have been sustained.   Code Crim. Proc., Art. 553; Moore v. State, 33 Tex. Crim. Rep., 166; Hirshfield v. State, 11 Tex. Crim. App., 210, and authorities there cited; Bishop's New Crim. Law, Vol. 1, Secs. 1057 and 1063; Allen v. State, 7 Tex. Crim. App., 298; State v. Smith, 43 Vt., 324; Jackson v. State, 14 Ind., p. 327; Drake v. State, 16 Ala., 42; Bishop's New Crim. Law, Vol. 2, Sec. 888 and (3); Hozier v. State, 6 Tex. Crim. App., 542.

*Mann Trice*, Assistant Attorney-General, for the State.—Appellant was tried and convicted of an assault to murder one C. Munk, and sentenced to a term of seven years in the penitentiary.   After his release from the penitentiary, he was again placed upon trial on an indictment charging him with robbing the said C. Munk of a pair of boots.   The second indictment was based upon the same transaction. Appellant filed his plea of former conviction, which was overruled, and he now insists that this is error.   If the same proof would suffice in both cases, then there is no question but what his contention should be sustained.   But inasmuch as the constituent elements of the offense (though similar) are not the same, the same proof would not be sufficient to sustain a conviction in either case.   It is, therefore, respectfully submitted that, although the transactions are the same, the offense was distinctly different; and the judgment should be affirmed.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and given twenty years in the penitentiary, and prosecutes this appeal.   A number of errors are assigned in this case, but, in the view we take of it, it is only necessary to notice one question.   Appellant filed a plea of former jeopardy, alleging, in appropria forma, that he had been convicted at a former term of the court on a charge of assault with intent to murder, and that he had been sentenced and served out his term (a term of seven years in the penitentiary) on said account; that the charge of robbery contained in this case was one and the same transaction involved in the said charge of assault with intent to murder, and he could not be put upon trial again on account of said transaction for any criminal charge.   The questions involved in said plea were submitted to the jury, and they passed upon the same adversely to the appellant.   The charges of the court on this subject were excepted to, and are here assigned as error, and also certain charges asked by appellant on the same questions, which were refused by the court, to which an exception was taken, and the action of the court in this regard is also assigned as error. It is not necessary to criticise the form of charge given by the court, nor to discuss the charges refused, inasmuch as there is no controversy as to what the evidence in this case showed, all of it leading to but one conclusion, to-wit: that the assault with intent to murder was one and the same transaction in which the robbery was perpetrated; so that the question presents itself to us whether or not it is competent for the State to carve

out of one transaction two distinct statutory offenses, and prosecute the offender to conviction upon both. Mr. Bishop, on this subject, lays down the following rules, to determine when the indictments are not for the same offense: "(1) They are not the same when the two indictments are so diverse as to preclude the same evidence from maintaining both; or when (2) the evidence to the first and that to the second relate to different transactions, whatever be the words of the respective allegations; or when (3) each indictment sets out an offense differing in all its elements from that in the other, though both relate to one transaction (a proposition of which the exact limits are difficult to define); or when (4) some technical variance precludes a conviction on the first indictment, but does not appear on the second." On the other hand, he stated, "that the offenses are the same (1) whenever evidence adequate to the one indictment will equally sustain the other; (2) if the two indictments set out like offenses, and relate to one transaction, yet if one contains more of criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses, though of differing names, are, within our constitutional guaranty, the same." See, Bish. New Crim. Law, § 1051. Applying the above test (subdivision 3) to ascertain whether or not the two offenses charged in this case are the same, it cannot be said that the two offenses set out differ in all their elements. The assault charged is the same in both. Applying the test to ascertain whether or not the indictments are for the same offense, it will be seen that in the second case, charged against the appellant, to sustain the robbery it was necessary to prove the assault. Indeed, the robbery could not be sustained without proof of the same assault for which appellant had previously been convicted on a charge for assault with intent to murder. The offenses, in part, at least, are of a like character. They relate to one transaction. And, while the charge of robbery contains more of criminality than the other, yet upon the assaulting part of the charge, upon which the robbery only could be sustained (though embraced in it), the assault with intent to murder is predicated. The offenses, though bearing different names, would appear, by the rule laid down within our constitutional guaranty, the same. It has been suggested that inasmuch as one charged with burglary can be convicted not only of burglary, but of theft or any other offense committed during the same transaction, the same principle would authorize the like course in the present case. This seems to be the rule at common law, and in some of the States, but it is marked as an exception to the general rule; and Mr. Bishop, in treating the questions, says, "that this is not in accord with the established correct legal principles on the subject." Our statutes, in making this exception, seem to emphasize the general rule. See, Rev. Code Crim. Proc., Arts. 751, 752. Mr. Bishop, further treating this subject (see, Bish. New Crim. Law, § 1057), uses the following language: "We now come to questions inherently difficult, and made more so by contradictory and confused decisions from many of the courts. In reason, in these cases of offenses

included within one another, where, if, as we have seen, a man has been put in jeopardy for the one which includes all the rest, he has been so also for each one of the others, it cannot be competent for the government to indict him first for the lowest, then for the one next above it, then for the next, and so on through all the gradations to the highest. When he has been put in jeopardy for the lowest, then, for example, is prosecuted for the highest, our constitutional guaranty stands in the way of his being convicted a second time for the lowest; for a jeopardy of the highest is equally a jeopardy of the lowest. And since the government confessedly cannot begin with the highest, and then go down step by step, bringing the man into jeopardy for every dereliction included therein, neither can it begin with the lowest and ascend to the highest with precisely the same result." On the same line, in the case of State v. Smith, 43 Vt., 324, the court lays down the following principle: · "While there is a considerable conflict in the authorities upon this subject, we think the rule is now well established that when one offense is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other." In accord with this principle, it has been held in North Carolina "that a conviction could not be had for robbery and larceny involving the same transaction." See, State v. Lewis, 2 Hawks, 98; 11 Amer. Decs., 741. So, in New Jersey, it has been held that one convicted of arson, could not be subsequently prosecuted to conviction for murder, the homicide being committed by means of the arson. The court says in that case, quoting from Mr. Chitty: "It is not in all cases necessary that the two charges should be precisely the same in point of degree, for it is sufficient that the acquittal of the one would show that the defendant could not have been guilty of the other." And, further, the court says, as to the case then before it: . "The same reasoning would lead us to the conclusion that, had the prisoner at the bar been acquitted on the indictment for arson, it would have been conclusive of his innocence of that component part of the crime laid in this indictment, and would have necessarily barred a conviction under it." And, furthermore, the learned judge states: "This is a case where the State has thought proper to prosecute the offense in its mildest form, and it is better that the residue of the offense go unpunished than, by sustaining the second indictment, to sanction a practice which might be rendered an instrument of oppression to a citizen." See State v. Cooper, 13 N. J. Law, 361; 25 Amer. Decs., 490. While we have thought proper to quote extensively from the authorities on this subject, this is not an entirely new question in this State. The very question, with the reverse as to the charges, was before this court in the case of Moore v. State, 33 Tex. Crim. Rep., 166. In that case Moore had been convicted of robbery, and was afterwards put upon trial and convicted of assault with intent to murder, which was the same transaction in which the robbery was committed. It was there held that inasmuch as the two

offenses involved the same transaction, and the robbery could not be proved without proof of the assault, the conviction of robbery barred a prosecution for an assault with intent to murder.   While the conviction in said case was for the greater criminal offense, yet we have seen from Mr. Bishop that the rule works both ways; and when one transaction is presented to the government, which may include distinct criminal offenses by different names, the government can carve but once.   It can take the greater, and prosecute for that; or it can take the lesser offense, and prosecute for that; and a prosecution and conviction for either will equally be a bar to another subsequent prosecution for the other offense, which involved the same transaction.   In this case, as before intimated, the robbery could not have been established without proof of the assault; nor can the assault be proved without pro tanto proof of the robbery. It was competent for the State to prosecute and convict for either of said offenses which involved the same transaction, but having selected one, no matter if it was the lesser offense, the State is bound by its election; and, having convicted the party for the offense chosen, it cannot proceed against the accused for the other greater offense which involved the same transaction.   On the evidence in this case, the court should have instructed the jury that the prosecutions being the same, and the appellant having before been convicted of an assault with intent to murder, the same was a bar to the prosecution for robbery, and that they should acquit the appellant.   For the failure of the court to so instruct the jury, the judgment of the lower court is reversed, and the case remanded; and, if the proof shall be the same as is now before us in another trial of the case, it would be the duty of the court to instruct the jury as above stated.

*Reversed and Remanded.*