**Ex parte David Franklin CLAY.**

**No. 69251.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1984.

Rehearing Denied Oct. 3, 1984.

Ken J. McLean, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

ODOM, Judge.

This is a post-conviction habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P. The application was ordered filed and set for submission to determine whether the abandonment of the "carving doctrine" in *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982), should be applied retroactively.

Petitioner was convicted of aggravated rape and the jury assessed punishment at 55 years. At the same trial petitioner was convicted of two counts of aggravated kidnapping. One of the kidnapping charges,

---

for which the jury assessed punishment at 15 years, was unrelated to the aggravated rape, occurring on a different day and with a different victim. The second aggravated kidnapping case, for which the jury assessed punishment at 10 years, involved the same victim in the aggravated rape case and was arguably part of a single continuing transaction with it. Petitioner appealed only from the conviction for aggravated rape, alleging that the conviction was barred in light of the prior conviction for aggravated kidnapping arising from the same transaction by the doctrines of carving and double jeopardy. Petitioner's conviction was affirmed by this Court in an unpublished opinion. It is now contended that petitioner was denied equal protection and due process of law when *Ex parte McWilliams,* supra, was mechanistically and injudiciously applied retrospectively to petitioner while his conviction was directly in the appellate process. Petitioner argues that *Ex parte McWilliams,* supra, should apply only prospectively to the accused whose trials commenced after July 15, 1982.

 As a rule, judicial decisions apply retroactively. *Robinson v. Neil,* 409 U.S. 505, 507–508, 93 S.Ct. 876, 1877–78, 35 L.Ed.2d 29 (1973). A legal system based on precedent has a built-in presumption of retroactivity. See *Solem v. Stumes,* ── U.S. ──, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579, 587 (1984). It must be noted, however, that a strict retroactive application is not compelled constitutionally or otherwise. *Great Northern R. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932). The basic principles of retroactivity in criminal cases were established in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Tehan v. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), and *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Under these cases it was established that:

> "The criteria guiding resolution of the [retroactivity] question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).

The United States Supreme Court has recently adopted a slightly different approach in the Fourth Amendment area. In *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), the Court held that a decision construing the Fourth Amendment that was not "a clear break with the past" is to be applied to all convictions not yet final when the decision was handed down. The Court carefully limited its holding:

> "First, our decision today does not affect those cases that would be clearly controlled by our existing retroactivity precedents. Second, because respondent's case arises on direct review, we need not address the retroactive reach of our Fourth Amendment decisions to those cases that still may raise Fourth Amendment issues on collateral attack. Third, we express no view on the retroactive application of decisions construing any constitutional provision other than the Fourth Amendment." Id. at 562, 102 S.Ct. at 2594.

The limitations make *United States v. Johnson,* supra, inapplicable to this case. Petitioner's application for writ of habeas corpus is controlled by prior precedent, arises on collateral review and does not involve the Fourth Amendment. *Solem v. Stumes,* ── U.S. ──, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579, 587 (1984).

 In considering the reliance factor, the inquiry is often phrased in terms of whether the new decision was foreshadowed by earlier cases or was a "clear break with the past." *Solem v. Stumes,* supra. Although the abandonment of the "carving doctrine" was a clear break with the past, the doctrine had been subject to criticism by numerous legal authorities. See Steele, A Review of the Jeopardy Defense in Texas, 12 Texas Tech Law Review 393 (1981);

Twice in Jeopardy, 75 Yale Law Journal, 262 (1965). It is important to note that the "carving doctrine" was abandoned primarily because it encouraged crime. *Ex parte McWilliams*, supra, at 822. Neither the Federal nor State Constitutions nor Texas statutes prohibit multiple prosecution for two statutory offenses committed in the same transaction. The constitutional provisions speak of double jeopardy in terms of the "same offense" rather than the "same transaction." *Ex parte McWilliams*, 634 S.W.2d 815, 823. The doctrine of carving was court made; the constitution and statutes make no provision for such a doctrine. A retroactive application of the abandonment of the carving doctrine will not as appellant argues, "literally stone due process and fairness, not to mention sound policy, into the Miocene epoch." Petitioner's due process rights are protected because double jeopardy questions are still decided based upon a strict construction of the constitutions of the United States and the State of Texas.

Petitioner argues that he in good faith relied on the carving doctrine based upon 104 years of consistent case law. As a result petitioner states that all appellants in the judicial process complaining of carving violations at the time *Ex parte McWilliams* was decided are innocent. Petitioner did not, however, object to having the cases tried simultaneously nor did he file a motion for severance. See *Simmons v. State*, 629 S.W.2d 38, 40 (1981). There is no compelling reliance interest in the carving doctrine which would prohibit its abandonment from applying retroactively.

The retroactive application of *Ex parte McWilliams* would not have a disruptive effect on the administration of justice. The abandonment of the "carving doctrine" overcame an aspect of the criminal trial that substantially impaired its truth-finding function. As previously stated, the application of the "carving doctrine" merely encouraged crime. It did not protect any of petitioner's fundamental rights. Due process is satisfied by deciding double jeopar-dy questions under the constitutions of the United States and the State of Texas.

Although appellant asserts that under the carving doctrine he would be "innocent," that simply is not so. Under that doctrine, if applicable, only one conviction could be had, but it would have been the State's option to elect which offense to carve. Having carved one conviction, the State would be barred from seeking another conviction, but by no means would that warrant a conclusion of innocence.

From the discussion of the history of the carving doctrine in *Ex parte McWilliams*, supra, it could well be argued that the carving doctrine has not been abolished, but merely clarified and the name changed. It was there pointed out:

> "There is no definitive statement of the carving doctrine; it is a nebulous rule applied only in this jurisdiction. Initially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict. *Herera v. State*, 35 Tex.Cr.R. 607, 34 S.W. 943 (1896). This Court added the 'continuous act or transaction' test in *Paschal v. State*, 49 Tex.Cr.R. 111, 90 S.W. 878 (1905). Since that time the 'same evidence' and the 'continuous assaultive transaction' tests have been randomly applied."

At the close of *McWilliams* the Court applied the Blockburger [1] test as the appropriate standard:

> " '[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' "

Thus, although the carving doctrine was abandoned as a court made rule, one of the two conflicting forms of that rule lives on as the constitutional test for jeopardy.

---

**1.** *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

We find, therefore, that *Ex parte McWilliams* is to be given full retroactive application to all cases whether they arise on collateral review or direct appeal.

The relief which petitioner requests is denied.

It is so ordered.

CLINTON and TEAGUE, JJ., dissent.

ONION, Presiding Judge, dissenting.

I dissented in *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982). I dissent again. I simply call attention to the unrealistic and laughable statements of the majority:

> "It is important to note that the 'carving doctrine' was abandoned primarily because it encouraged crime ... The abandonment of the 'carving doctrine' overcame an aspect of the criminal trial that substantially impaired its truth-finding function."

Fantastic.