David Franklin CLAY, Petitioner–Appellant,

v.

James A. LYNAUGH, Director, Texas Department of Corrections, Respondent–Appellee.

No. 87–1521.

United States Court of Appeals, Fifth Circuit.

May 18, 1988.

David W. Coody, Dallas, Tex., Ken J. McLean, Houston, Tex., for petitioner-appellant.

Charles R. Hall, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, KING and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

On December 17, 1977, a Texas jury convicted David Franklin Clay of aggravated kidnapping and aggravated rape. Clay asserts that, because the two offenses arose out of a single criminal transaction, the second conviction was illegal under the Texas "carving doctrine," a judicially developed rule barring multiple convictions for offenses "carved" out of one continuous course of criminal conduct. In affirming his second conviction, the Texas Court of Criminal Appeals relied on the abandonment of the carving doctrine in its 1982 decision, *Ex Parte McWilliams*.[1] If the carving doctrine would have barred Clay's second conviction, the Texas court denied him due process and undermined the constitutional prohibition against *ex post facto* laws in applying retroactively the elimination of the doctrine to affirm the conviction. Being uncertain whether or not the carving doctrine would have precluded Clay's conviction on the second offense, however, we resolve the constitutional issue so that we may certify to the Texas Court of Criminal Appeals this single, dispositive question of state law.

### I.

On November 1, 1976, Clay abducted Kathy McFarlane, at knifepoint, from a parking lot in DeSota, Texas. He drove her a short distance to a secluded area where he raped her. He returned her to the parking lot just over an hour from the time of the abduction.

A jury convicted Clay of aggravated kidnapping and aggravated rape and imposed concurrent sentences of ten and fifty-five years, respectively. Clay moved for a new trial on the ground that the rape conviction and fifty-five-year sentence violated the Texas carving doctrine. When the doctrine was still in effect, it was the practice of the Texas courts, in cases in which two judgments were entered on the same day and the multiple convictions contravened the doctrine, to presume that the conviction in the case with the lower cause number had occurred first and to vacate the judgment in the case with the higher cause number.[2] Because the rape charge carried the higher cause number in this case, it was subject to challenge. The trial court, however, denied the motion for a new trial.

Clay raised his carving-doctrine claim on appeal, but the Texas Court of Criminal Appeals issued a per curiam opinion in reliance on its week-old decision in *McWilliams* abandoning the doctrine.[3] Clay's subsequent application for post-conviction relief in the Texas state courts resulted in a decision by the Court of Criminal Appeals approving its retroactive application of the elimination of the carving doctrine.[4] Clay has now served all of his time on the kidnapping conviction and remains in the custody of the Texas Department of Corrections only on the rape conviction.

Having exhausted his state remedies, Clay petitioned for habeas corpus in the United States District Court for the Northern District of Texas. Adopting the findings and conclusions of the magistrate to whom the case was initially referred, the district court denied the writ.

### II.

We adopt the analysis in Part III of our

---

1. 634 S.W.2d 815, 822–24 (Tex.Crim.App.1982) (en banc).

2. *Id.* at 817, *modified on reh'g.*, 634 S.W.2d at 822–24; *Ex parte Rodriguez,* 560 S.W.2d 94, 96 (Tex.Crim.App.1978); *Ex parte Calderon,* 508 S.W.2d 360, 362 (Tex.Crim.App.1974).

3. *McWilliams,* 634 S.W.2d at 822–24.

4. *Ex parte Clay,* 675 S.W.2d 765 (Tex.Crim.App. 1984) (en banc).

opinion in *Rubino v. Lynaugh*[5] to hold that, if the carving doctrine would have barred Clay's second conviction, the Texas courts denied him due process by affirming his conviction on the basis of an *ex post facto* application of the elimination of the doctrine. Also in reliance upon *Rubino*, we certify to the Texas Court of Criminal Appeals the question whether the doctrine would have barred the second conviction in this case.[6]

The question to be certified to the Texas Court of Criminal Appeals might be phrased as follows: "Would the Texas carving doctrine, treated as if still in effect, have barred Clay's conviction for aggravated rape?" We disclaim any intention or desire that the Texas Court of Criminal Appeals confine its reply to the precise form or scope of the question certified.

Counsel for the parties shall have fifteen days to confer and to submit to this court a proposed agreed statement of the case and phrasing of the question to be certified. If the parties cannot agree on either the statement of the case or the question for certification, the petitioner will prepare a proposed statement and question within fifteen days, and the State will file its objections and counter-proposals within seven days thereafter.[7]

For the foregoing reasons, we RE-VERSE the district court's denial of relief on the due process claim and CERTIFY to the Texas Court of Criminal Appeals the question whether the Texas carving doctrine would have barred Clay's rape conviction.

KING, Circuit Judge, specially concurring:

For the reasons set forth in my concurrence in *Rubino v. Lynaugh*, 845 F.2d 1266 (5th Cir.1988), I concur in the conclusion reached by the majority that the Texas Court of Criminal Appeals' retroactive application of *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.) (en banc), *cert.*

*denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982), in this instance violated *ex post facto* principles. As in *Rubino*, the carving doctrine was in effect when the crime occurred. Like the petitioner in *Rubino*, Clay raised the carving doctrine defense at the trial court level prior to recision of the doctrine by the Texas Court of Criminal Appeals. Clay raised the defense with his second amended motion for new trial, claiming that his conviction for aggravated rape, as the conviction which carried the higher cause number, should be set aside under the Texas carving doctrine. The court overruled the motion, thereby denying the defense. Clay appealed. During the pendency of Clay's appeal to the Texas Court of Criminal Appeals, that court abolished the carving doctrine with its decision in *McWilliams*. Subsequently, the court affirmed Clay's conviction in a per curiam opinion on the authority of *McWilliams*, refusing to review denial of the defense on its merits.

The retroactive denial of appellate review of the trial court's disposition of Clay's carving doctrine defense raised *ex post facto* considerations identical to those raised in *Rubino*. Hence, I CONCUR in the majority's decision to certify to the Texas Court of Criminal Appeals the question answered once already at the trial court level:

Whether, if treated as still in effect, the carving doctrine would have barred Clay's prosecution for aggravated rape?

Once again, our analysis of state law is directed solely towards resolving the constitutional issue; this concurrence does not reach the disposition of the question certified to the Texas court.

---

5. 845 F.2d 1266 (5th Cir.1988).

6. Tex.R.App.P. 214.

7. *See Petroleum Helicopters, Inc. v. Avco Corp.,* 804 F.2d 1367, 1373 (5th Cir.1986).