**David Franklin CLAY,
Petitioner–Appellant,**

**v.**

**James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellee.**

**No. 87–1521.**

United States Court of Appeals,
Fifth Circuit.

June 30, 1988.

David W. Coody, Dallas, Tex., Ken J. McLean, Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Charles R. Hall, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, KING, and WILLIAMS, Circuit Judges.

PER CURIAM:

David Franklin Clay, a prisoner in the custody of the Texas Department of Corrections, sought a writ of habeas corpus in federal court on the ground that his conviction for aggravated rape violated the due process clause of the United States Constitution. In December, 1977, a Texas jury convicted Clay of aggravated kidnapping and aggravated rape. Clay charged that, because the two offenses arose out of a single criminal transaction, the second conviction, for aggravated rape, was illegal under the Texas "carving doctrine," a judicially developed rule that protected some criminal defendants from multiple convictions for offenses "carved" out of one continuous course of criminal conduct. In affirming Clay's second conviction, the Texas Court of Criminal Appeals relied on the abandonment of the carving doctrine in its 1982 decision, *Ex parte McWilliams*.[1] In our earlier opinion in this case,[2] we held that *if* the carving doctrine, which was in effect at the time Clay committed his crimes, would have barred his second conviction, the Texas court denied him due process and undermined the constitutional prohibition on *ex post facto* laws in applying retroactively the elimination of the doctrine to affirm the conviction. We therefore decided to certify to the Texas Court of Criminal Appeals the single, dispositive question whether the carving doctrine, treated as if still in effect, would have barred Clay's conviction for aggravated rape.

In response to our direction,[3] the parties have proposed a phrasing of the question to be certified and prepared a statement of stipulated facts. We now certify the ques-

---

1. 634 S.W.2d 815, 822–24 (Tex.Crim.App.1982) (en banc).

2. *Clay v. Lynaugh*, 846 F.2d 8 (5th Cir.1988).

3. *Id.* at 10.

tion stated below to the Texas Court of Criminal Appeals.

### CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### TO THE TEXAS COURT OF CRIMINAL APPEALS

### PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 214

TO THE TEXAS COURT OF CRIMINAL APPEALS AND THE HONORABLE JUDGES THEREOF:

#### 1. QUESTION CERTIFIED

Based upon the facts recited below, would the Texas carving doctrine, treated as if still in effect, have barred Clay's conviction for aggravated rape?

#### 2. STIPULATED FACTS, AS STATED BY THE PARTIES

On the night of November 1, 1976, Kathy Lou McFarlane, hereafter complainant, who lived on the east side of Dallas, Dallas County, Texas, proceeded in her vehicle to the residence of Bill and Cindy Clark to watch a Monday night football game. The Clark residence was approximately seven miles from where the complainant lived. The complainant arrived at that residence at approximately 8:45 p.m., watched the ball game and visited, and left around 11:15 p.m.

As she left the apartment and began to walk to her car, she noticed a man standing between two adjacent vehicles; however, she paid him no mind and began unlocking her car door. At that point in time, David Franklin Clay, hereafter petitioner, hurried to her side, forced her into the vehicle at knife point, and drove away. Petitioner drove the complainant to an isolated area, told her to get in the back seat and take off her clothes, which she did, and, then, forced her to have sexual intercourse without consent. Petitioner then drove the complainant back to the same apartment complex from which she was abducted and left her at an adjacent parking lot, one building over. The complainant indicated

that the petitioner was in her company that night for sometime between thirty-five and forty-five minutes.

#### 3. NAMES OF THE PARTIES

David Franklin Clay, Petitioner–Appellant, versus James A. Lynaugh, Director, Texas Department of Corrections, Respondent–Appellee.

#### 4. NAMES AND ADDRESSES OF COUNSEL

Attorney for Clay: Ken J. McLean, 1900 North Loop West, #500, Houston, Texas 77018.

Attorneys for the Texas Department of Corrections: Jim Mattox, Attorney General of Texas; Mary F. Keller, Executive Assistant Attorney General for Litigation; F. Scott McCown, Assistant Attorney General, Chief of Enforcement Division; C. Rex Hall, Jr., Assistant Attorney General; P.O. Box 12548, Capitol Station, Austin, Texas 78711.

We disclaim any intention or desire that the Texas Court of Criminal Appeals confine its reply to the precise form or scope of the question certified.

This court also certifies to the Texas Court of Criminal Appeals that its answer to the certified question will determine whether or not this court vacates Clay's conviction for aggravated rape.

The record in this case, together with copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.