David Franklin CLAY, Petitioner,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent.

No. 70362.

Court of Criminal Appeals of Texas,
En Banc.

April 26, 1989.

Ken J. McLean, Houston, for petitioner.

Jim Mattox, Atty. Gen. & Mary F. Keller, Louis McCreary, Michael P. Hodge, F. Scott McCown & C. Rex Hall, Asst. Attys. Gen., Robert Huttash, State's Atty., Austin, for state.

OPINION ON CERTIFIED QUESTION
FROM THE FIFTH CIRCUIT COURT
OF APPEALS

PER CURIAM.

In *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982) (Opinion on rehearing), this Court, by its own terms, "abandoned" the so-called "carving doctrine" as a litmus for determining violations of state and federal protections against double jeopardy, finding the rule "nebulous" in content and "erratic" in application. Two years later the Court held *Ex parte McWilliams*, supra, to have "full retroactive application to all cases whether they arise on collateral review or direct appeal." *Ex parte Clay*, 675 S.W.2d 765, 768 (Tex.Cr.App.1984). On federal habeas review the Fifth Circuit Court of Appeals ruled, however, that "[i]f the carving doctrine would have barred Clay's second conviction, the Texas court denied him due process and undermined the constitutional prohibition against *ex post facto* laws in applying retroactively the elimination of the doctrine to affirm the conviction." *Clay v. Lynaugh*, 846 F.2d 8, 9 (CA5 1988). Rather than address the question whether petitioner Clay was actually entitled to relief under the "erratic" carving doctrine, the Fifth Circuit certified that question to this Court, pursuant to Tex.R.App.Pro., Rule 214.

Following a consolidated trial petitioner was convicted of aggravated rape, in cause number F–76–9897–HQ, for which he received a 55 year term of punishment, and aggravated kidnapping of the same victim,

in cause number F–76–9641–HQ, alleged to have occurred on the same date, for which he was assessed 10 years. As noted by the Fifth Circuit, if one of these convictions must be vacated under the carving doctrine, it will be the later one, presumably that with the higher cause number, which in this instance is the aggravated rape conviction. *Ex parte Calderon*, 508 S.W.2d 360, 362 (Tex.Cr.App.1974). The circumstances of the two offenses, as stipulated by the parties, Rule 214(c)(2), supra, are as follows:

"On the night of November 1, 1976, Kathy Lou McFarlane, hereafter complainant, who lived on the east side of Dallas, Dallas County, Texas, proceeded in her vehicle to the residence of Bill and Cindy Clark to watch a Monday night football game. The Clark residence was approximately seven miles from where the complainant lived. The complainant arrived at that residence at approximately 8:45 p.m., watched the ball game and visited, and left around 11:15 p.m.

As she left the apartment and began to walk to her car, she noticed a man standing between two adjacent vehicles; however, she paid him no mind and began unlocking her car door. At that point in time, David Franklin Clay, hereafter petitioner, hurried to her side, forced her into the vehicle at knife point, and drove away. Petitioner drove the complainant to an isolated area, told her to get in the back seat and take off her clothes, which she did, and, then, forced her to have sexual intercourse without consent. Petitioner then drove the complainant back to the same apartment complex from which she was abducted and left her at an adjacent parking lot, one building over. The complainant indicated that the petitioner was in her company that night for sometime between thirty-five and forty-five minutes."

The precise question certified to this Court is: "Based upon the facts recited [above], would the Texas carving doctrine, treated as if still in effect, have barred Clay's conviction for aggravated rape?" 849 F.2d 908 (5th Cir.1988).

In *McWilliams* the Court identified at least two tests for applying the carving doctrine:

"Initially, carving was applied when the two offenses charged contained common material elements or when the two offenses required the same evidence to convict. *Herera v. State*, 35 Tex.Cr.R. 607, 34 S.W. 943 (1896). This Court added the 'continuous act or transaction' test in *Paschal v. State*, 49 Tex.Cr.R. 111, 90 S.W. 878 (1905). Since that time the 'same evidence' and the 'continuous assaultive transaction' tests have been randomly applied."

634 S.W.2d at 823. See also: *Orosco v. State*, 590 S.W.2d 121 (Tex.Cr.App.1979) (Douglas, J., dissenting); *Ex parte Fitch*, 580 S.W.2d 372 (Tex.Cr.App.1979) (Clinton, J., dissenting). The State now invites this Court to apply the "same evidence" test rather than the "continuous assaultive transaction" test. Finding controlling authority by which petitioner would be entitled to relief under either test, however, we need not choose between them to resolve the certified question raised in this cause.

The aggravated kidnapping indictment in cause number F–76–9641–HQ alleges appellant abducted Kathy McFarlane "with the intent to violate and abuse [her] sexually." As in *Phillips v. State*, 597 S.W.2d 929, at 937 (Tex.Cr.App.1980), here the acts alleged and shown to prove the element of aggravated rape that petitioner compelled his victim to have sexual intercourse with him is the same conduct used to evidence his specific "intent to violate and abuse [her] sexually," which is a necessary element of the aggravated kidnapping offense as alleged. Without evidence of the assaultive component of the rape offense, evidence as to the specific intent rendering the kidnapping aggravated would have been questionable at best. Thus, as alleged the two offenses shared "common material elements," and the "same evidence" contributed to proof of both. Moreover, from the recitation of facts above it is evident the kidnapping and rape were every bit as much a part of a single "continuous assaultive transaction" as was the case in *Phillips v. State*, supra.

Without further ado we therefore conclude petitioner Clay's prosecution for aggravated rape would have been barred by the carving doctrine, and thus we answer the certified question in the affirmative.

Motion for rehearing will not be entertained.

TEAGUE, Judge, dissenting and concurring.

This cause is a companion case to *Rubino v. Lynaugh*, 770 S.W.2d 802 (Tex.Cr.App.1989), delivered this date.

In this cause, this Court is called upon to answer the same certified question from the Fifth Circuit Court of Appeals that this Court agreed to answer in *Rubino v. Lynaugh*, and did answer in that cause, which was done pursuant to the provisions of Rule 214(a), *Texas Rules of Appellate Procedure.* Also see *Rubino v. Lynaugh*, 845 F.2d 1266 (5th Cir.1988), and *Clay v. Lynaugh*, 846 F.2d 8 (5th Cir.1988).

Finding that what I stated in the dissenting and concurring opinion that I filed in this Court's majority opinion of *Rubino v. Lynaugh* is applicable to this cause, I dissent and concur in this cause for those same reasons.