Ex parte Gary Wayne ROBINSON.

No. 71068.

Court of Criminal Appeals of Texas,
En Banc.

June 27, 1990.

Gary Wayne Robinson, pro se.

John Vance, Dist. Atty., and Yolanda M.
Joosten, Asst. Dist. Atty., Dallas, Robert
Huttash, State's Atty., Austin, for State.

## OPINION

CLINTON, Judge.

This is an application for postconviction
writ of habeas corpus brought pursuant to
Article 11.07, V.A.C.C.P.

Applicant pled guilty to and was convict-
ed of five separate felony offenses on Feb-
ruary 12, 1988. In cause numbers F–87–
97015–VI and F–87–97016–VI, applicant
was convicted of two instances of unautho-
rized use of a motor vehicle, V.T.C.A. Penal
Code, § 31.07, committed on May 6, 1987,
and August 18, 1987, respectively. In
cause numbers F–87–97012–VI, F–87–
97013–VI and F–87–97014–VI, applicant
was convicted of aggravated robbery, V.T.
C.A. Penal Code, § 29.03. Each of the
robberies was committed on September 28,
1987. Punishment was assessed at five
years confinement in each of the unautho-
rized use of a motor vehicle convictions,
and twenty years confinement for each in-
stance of aggravated robbery, all sentences
to run concurrently. Applicant took no
appeal.

At the time of commission of each of-
fense applicant was sixteen years old. On
December 4, 1987, the juvenile court
waived jurisdiction and transferred each
cause to the criminal district court for pros-
ecution. Pursuant to V.T.C.A. Family
Code, § 54.02(h), expressly finding no good
cause to conduct an examining trial, the
district court on December 16, 1987, re-
ferred the matters to the grand jury. In-
dictment in each cause was returned on
December 23, 1987.

■ Applicant now contends that the indictments are void, as he was not afforded an examining trial. He relies upon *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App. 1977), and its progeny, which held the requirement of an examining trial to be jurisdictional.

As of September 1, 1987, § 54.02(h) of the Family Code requires the court to which a juvenile is transferred to make a determination whether "good cause exists for an examining trial."

"If there is no good cause for an examining trial, the court shall refer the case to the grand jury. If there is good cause for an examining trial, the court shall conduct an examining trial and remand the child to the jurisdiction of the juvenile court."

See Acts 1987, 70th Leg., ch. 140, p. 309, § 2, eff. Sept. 1, 1987. The same legislation appended the following language to Article 16.01, V.A.C.C.P.: "If the accused has been transferred for criminal prosecution after a hearing under Section 54.02, Family Code, the accused may be granted an examining trial at the discretion of the court." Section 5 of the amending legislation expressly provides:

"This Act applies to a transfer to a district court under Section 54.02, Family Code, that occurs on or after the effective date of this Act. If a transfer to a district court occurred before the effective date of this Act, the provisions of Title 3, Family Code, and of Article 16.01, Code of Criminal Procedure, as they existed on the date of the transfer apply to the transfer and to the examining trial of the child transferred, and the law is continued in effect for that purpose."

The juvenile court waived jurisdiction in these causes on December 4, 1987, some three months after the effective date of the amendment. Whether applicant was entitled to an examining trial was therefore contingent upon whether the district court, in its discretion, should find good cause. Whatever may comprise "good cause" in this context, applicant does not contend the district court abused its discretion here.

■ Nor does applicant allege that, as to the two convictions for unauthorized use of a motor vehicle, committed before the effective date of the amendment to § 54.02(h), supra, the statute violates state or federal constitutional ex post facto provisions. In any event, the amendment affects neither the definition or gravity of the crime itself nor the degree or manner of the punishment therefor. We perceive no ex post facto violation. *Collins v. Youngblood*, — U.S. —, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1798); *Holt v. The State*, 2 Tex. 363 (1847); *Millican v. State*, 145 Tex.Cr.R 195, 167 S.W.2d 188 (1942); *Hill v. State*, 146 Tex.Cr.R. 333, 171 S.W.2d 880 (1943).

*Menefee v. State*, supra, and its progeny, are not applicable. Accordingly, the requested relief is denied.

Given the Court's holding, and why this cause was filed and set, TEAGUE, J., would put this Court's "improvidently filed and set" stamp to this cause, and then dismiss same.