GEM Realty Trust v. First N/B, Boston CV-93-606-SD  05/18/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


<u>GEM Realty Trust</u>


    v.                                      Civil No. 93-606-SD


<u>First National Bank of Boston</u>



                            O R D E R


    Defendant First National Bank of Boston (Bank) has moved for

an award of attorney fees and costs.  Rule 54(d)(1), (2), Fed. R.

Civ. P.[1]  Document 58.  Plaintiff GEM Realty Trust (Trust)

---

[1]Rules 54(d)(1) and (2), Fed. R. Civ. P., provide:

> **(d) Costs; Attorneys' Fees.**
>     **(1) Costs Other than Attorneys' Fees.**
> Except when express provision therefor is
> made either in a statute of the United States
> or in these rules, costs other than
> attorneys' fees shall be allowed as of course
> to the prevailing party unless the court
> otherwise directs; but costs against the
> United States, its officers, and agencies
> shall be imposed only to the extent permitted
> by law.  Such costs may be taxed by the clerk
> on one day's notice.  On motion served within
> 5 days thereafter, the action of the clerk
> may be reviewed by the court.
>     **(2) Attorneys' Fees.**
>         **(A)** Claims for attorneys' fees and
> related nontaxable expenses shall be made by
> motion unless the substantive law governing

the action provides for the recovery of such fees as an element of damages to be proved at trial.

**(B)** Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.  If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

**(C)** On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule 43(e) or Rule 78.  The court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court.  The court shall find the facts and state its conclusions of law as provided in Rule 52(a), and a judgment shall be set forth in a separate document as provided in Rule 58.

**(D)** By local rule the court may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings.  In addition, the court may refer issues relating to the value of services to a special master under Rule 53 without regard to the provisions of subdivision (b) thereof and may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.

**(E)** The provisions of subparagraphs (A) through (D) do not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927.

## 1. Background

The focus of this litigation was a mortgage foreclosure sale of certain commercial property in Plaistow, New Hampshire, which took place on September 9, 1991. Following an extensive trial, the jury, by medium of special verdicts, found on all issues in favor of Bank.

Bank claims that certain language contained in the mortgage, together with what it perceives to be ample evidence of "bad faith" on the part of Trust, entitles it to the award of attorney fees and costs here sought. Trust opposes such relief on the ground that it is not available to Bank under the circumstances of this litigation.

## 2. Discussion

### a. Attorney Fees

#### (1) The Mortgage Language

Paragraph 9 of the mortgage provides:

> That <u>the mortgagor will pay on demand to the mortgagee</u>, or the mortgagee may at its option add to the principal balance then due, any <u>sums advanced or paid by the mortgagee on account of any default of whatever nature</u>, by the mortgagor, or any sums advanced or paid whether before or after default, for taxes, repairs, improvements, insurance on the mortgaged property or any other insurance pledged as collateral to secure the mortgage loan, or any sums paid by the mortgagee, <u>including reasonable attorney's fees, in</u>

> prosecuting, defending, or intervening in any legal or equitable proceeding wherein the mortgagee deems any of the rights created by this mortgage are jeopardized or in issue. [Emphasis added.]

Bank claims that this language created a contractual agreement between the parties which entitled it to an award of attorney fees.

In 1985, the New Hampshire Supreme Court altered the then-prevailing legal landscape of mortgage foreclosures, holding that a mortgagee, in the context of a foreclosure sale, owed to its mortgagor a fiduciary duty of good faith and due diligence. Murphy v. Financial Dev. Corp., 126 N.H. 536, 495 A.2d 1245 (1985). This duty requires the mortgagee to take all reasonable and necessary steps under the circumstances to insure that a fair and reasonable price is obtained. Id. To secure a fair and reasonable price, the mortgagee may be required to set a reserve price or even adjourn the sale if the bids are too low. Id. at 541, 495 A.2d at 1250. But a low price, in and of itself, is insufficient to demonstrate the bad faith needed to invalidate an otherwise legitimate sale absent a price "so low as to shock the judicial conscience." Id.

The instant case was commenced and tried under the Murphy theory above outlined. As it concerned the additional duties imposed on a mortgagee by judicial fiat, application of the

4

mortgage language concerning the payment of attorney fees is irrelevant.[2]  Indeed, to adopt Bank's argument in this respect would, as Trust points out, permit even a losing party to recover attorney fees insofar as the litigation at issue concerned any aspect of a mortgage.  The court finds and rules that paragraph 9 of the mortgage does not entitle Bank to an award of attorney fees.

### (2) The Doctrine of Bad Faith

Where bad faith is displayed in the course of litigation, courts are empowered to impose the sanction of attorney fees under both federal, Chambers v. NASCO, 501 U.S. 32 (1991); Marqui Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 93 (1st Cir. 1988), and state law, Maguire v. Merrimack Mut. Ins. Co., 133 N.H. 51, 573 A.2d 451 (1990); New Hampshire Bituminous Co., Inc. v. TAB Aviation, Inc., 132 N.H. 38, 566 A.2d 153 (1989). However, where the evidence is conflicting, Maguire, supra, at

---

[2]Prior to the litigation in this court, Trust sought to invalidate the foreclosure sale by medium of injunction action in state court.  That court found for Bank and awarded attorney fees to Bank, pointing out that the Trust could not bring a Murphy claim in its equitable action, but that it could bring a separate action at law for such relief.  The Supreme Court of New Hampshire summarily affirmed that ruling of the state court.

The fact, however, that the Trust failed in its state court equitable action does not, this court finds, affect any issues which the court must resolve as a result of the motion which is here considered.

56, 573 A.2d at 454, or substantially conflicting, <u>New Hampshire</u> <u>Bituminous Co.</u>, <u>supra</u>, at 44, 566 A.2d at 157, the court should be cautious in imposing such a penalty.

The somewhat strange conduct of Trust's principal, George Melvin Sr., as developed in the course of trial testimony, understandably has caused frustration to Bank and its counsel. At the time of the foreclosure sale on September 9, 1991, Melvin not only presented prospective bidders with a handwritten notice of a claim that the mortgage covered only the land and not the building thereon, but he threatened to sue anyone who bid on the property. Although he relented prior to the actual sale, he initially refused entry on the premises to the prospective bidders. Moreover, his testimony at trial was cast in doubt not only by his prior deposition, but by testimony of other witnesses.

The other side of the sanction scale, however, is met by the record, which demonstrates that Trust's claims in large part withstood the challenge of repeated dispositive motions, as well as Bank's motions for judgment as a matter of law. Rule 50(a)(1), (2), Fed. R. Civ. P.[3]

---

[3]Rules 50(a)(1) and (2), Fed. R. Civ. P., provide:

**(a) Judgment as a Matter of Law.**
(1) If during a trial by jury a party has been fully heard on an issue and there is no

And while Trust's counsel could have demonstrated more alacrity in identifying the witnesses it intended to proffer at trial, such conduct was not of the ilk which would require the sanction of attorney fees for the methodology of the prosecution of the litigation. Marqui Theatre Corp., supra, 846 F.2d at 93, 94.

In short, this case was hard fought and well tried, but, on balance, while the court is not surprised at the jury's verdicts, it finds and rules that Bank is not entitled to an award of attorney fees as a sanction for Trust's bad faith.

b. Costs

Rule 54(d)(1), supra note 1, mandates the allowance of costs to the prevailing party absent circumstances which are not here present. The motion for costs is accordingly allowed, same to be

legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

7

taxed by the clerk as provided by Rule 54(d)(1).


3.  Conclusion

For the reasons hereinabove outlined, the court has denied the defendant's motion insofar as it seeks an award of attorney fees, and has granted such motion insofar as it seeks an award of costs.  Finding that both parties had some merit to their positions concerning the instant motion, it is ordered that each party bear its own fees and costs concerning resolution of the motion.

This order requires the further order, here made, that the tolling of appeal time previously ordered pursuant to Rule 58, Fed. R. Civ. P., shall have no further force and effect as of the date of this order.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

May 18, 1995
cc:  James H. Gambrill, Esq.
     Bruce W. Felmly, Esq.

8